ALBERT C. BRAGELMAN, Respondent, *v.* WILLIAM DAUE, Appellant.

It is not necessary that a chattel mortgage shall declare that the defeasible title of the mortgagee will become absolute on failure of the mortgagor to pay the sum secured, or any part thereof, when it becomes due ; this result follows as an incident to the relation of the parties.

If the mortgagor fails to pay according to the terms of his undertaking, his rights at law are terminated, but there remains to him an equity of redemption liable to be extinguished by a valid sale of the property by the mortgagee.

Upon the dissolution of a co-partnership between the parties, plaintiff executed to defendant a bill of sale of his interest in the stock of goods and effects of the firm, and the parties signed an agreement by which defendant employed plaintiff as his agent to sell the goods, plaintiff to retain the net profits for his services. Defendant also agreed to sell the property to plaintiff at a time and for a sum specified, which plaintiff agreed to pay in installments. Upon failure of plaintiff to pay the

first installment, defendant took possession of the goods, sold a portion and retained a portion. In an action by plaintiff for an accounting, etc., *held*, that the instruments executed by the parties constituted a chattel mortgage from plaintiff to defendant; but that a judgment charging defendant with the value of all the property taken by him, as for a conversion, and deducting therefrom the amount of his claim and expenses was error; that in consequence of plaintiff's default, defendant became the owner with the right to possession, and while if on the accounting it appeared that plaintiff had received enough from the goods sold to pay his claim, the goods remaining should be adjudged to belong to defendant, yet plaintiff could not be compelled to take and pay for them.

A mortgagee, in an action to redeem, cannot be compelled to become a purchaser of a portion of the mortgaged property at a valuation fixed by the court.

(Argued February 15, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the Court at Special Term, and upon a referee's report and an order confirming the same.

This action was brought to have a bill of sale, executed by plaintiff to defendant, declared a mortgage, and for an accounting, redemption, etc.

Prior to August 28, 1872, the parties hereto were co-partners in business. On that day plaintiff executed to defendant a bill of sale of all his rights and interests in the property, effects and good will of the business of the firm, which was stated to be thereby dissolved. At the same time the parties also executed an agreement, the material portions whereof are as follows:

"Whereas, the subscriber, Albert C. Bragelman, has this day, sold and transferred to the subscriber, William Daue, all his right, title and interest in and to the stock, assets, lease and fixtures, lately belonging to the firm of Bragelman and Daue, composed of the said parties hereto; and whereas, the said Daue, desires to employ the said Albert C. Bragelman as his agent, to carry on, conduct, and continue the business so purchased by the said William Daue, until the first day of March, 1874;

"Now this agreement witnesseth as follows, to wit:

" First. The said William Daue, hereby employs the said Albert C. Bragelman, to carry on and conduct the said business, as agent for him the said William Daue, until the first day of March, 1874, and that the said Albert C. Bragelman shall in payment for his services, skill and labor employed and given, in so carrying on said business, have, hold and retain all the net profits made and realized in the said business, up to, and during and until the first day of March, 1874.

" Second. The said William Daue, further covenants and agrees to and with the said Albert C. Bragelman, that he will on the first day of March, 1874, sell, transfer and assign to the said Albert C. Bragelman, or his assigns, all the said business, good will and merchandise, property, claims and effects connected therewith and on hand, or growing out thereof, for the consideration of two thousand dollars, to be paid as follows, to wit : four hundred and seventeen dollars and forty-eight cents on demand, within sixty days from the date hereof, and the balance of the said two thousand dollars, between the first day of December, 1873, and the first day of March, 1874, in such monthly installments during said period, as the said Albert C. Bragelman may be able thereunto.

" Third. The said Albert C. Bragelman hereby agrees to enter the employment of the said William Daue, for the purposes, during the time and for the compensation and considerations, and covenants aforesaid; and further agrees to purchase the said business, good will, property and merchandise, on the first day of March, 1874, at, and for the consideration aforesaid, and to pay therefor in the manner and at the time aforesaid.

" Fourth. It is mutually understood and agreed, by the said subscribers hereto, that all purchases made in and about the said business, during the said period, to wit : up to the first day of March, 1874, shall be paid for by and out of the said business and receipts therefrom exclusively; and that the said William Daue, shall not be required or called upon to disburse or pay out any money in the said business."

Plaintiff took possession of the partnership property under the agreement, but, upon his failure to pay the first installment, defendant, on December 4, 1873, took the property from him, sold a part, and, at the time of the trial, had a portion still in his possession. The Special Term held the bill of sale to be a mortgage, that the taking by defendant was a conversion, and directed an accounting, and after deducting from the proceeds and value of the goods the amount secured by the mortgage, that defendant be required to pay the residue: a referee was appointed to take and state the accounts. The referee, in pursuance of the decision, charged defendant with the value of all the property, deducted therefrom the amount secured by the mortgage, with certain expenses and disbursements. The report was confirmed and judgment was perfected for the balance.

Further facts appear in the opinion.

*Samuel Hand*, for the appellant. The papers executed August 24, 1873, effected a conditional sale of the property to defendant, and were not a mortgage. (*Saxton* v. *Hitchcock*, 47 Barb., 220; *Holmes* v. *Grant*, 8 Paige, 243; *Robinson* v. *Cropsey*, 6 id., 480; *Glover* v. *Payn*, 19 Wend., 518.) If the papers created only a mortgage, as they did not reserve to plaintiff the right of possession for any definite period, his only right was the right to redeem. (*Mattison* v. *Baucus*, 1 Comst., 295; *Butler* v. *Miller*, id., 497; *Shuart* v. *Taylor*, 7 How. Pr., 251.) On plaintiff's default in paying the first installment, defendant had a right to reduce the property to possession. (*Robinson* v. *Wilcox*, 2 N. Y. L. Obs., 160; *Willis* v. *O'Brien*, 3 J. & S., 536; *Halstead* v. *Swartz*, 46 How. Pr., 289; *Langdon* v. *Buel*, 9 Wend., 80; *Case* v. *Boughton*, 11 id., 106; *Burdick* v. *McVanner*, 2 Den., 170; *Charter* v. *Stevens*, 3 id., 33; *Hill* v. *Beebe*, 13 N. Y., 556; *Hale* v. *Sweet*, 40 id., 97, 103; *Stoddard* v. *Dennison*, 7 Abb. [N. S.], 309; *Porter* v. *Parnly*, 43 How. Pr., 445.) Defendant could take the property without sale. (*Hulsen* v. *Walter*, 34 How. Pr., 385.) Plaintiff could not bring an

action to redeem without first tendering the whole amount of the debt. (*Pratt* v. *Stiles*, 9 Abb. Pr., 150; *Halstead* v. *Swartz*, 16 How. Pr., 291; *Ballou* v. *Cunningham*, 60 Barb., 425; *Chamberlain* v. *Martin*, 48 id., 607.)

*Frederic A. Ward*, for the respondent. The arrangement of August 28, 1873, was not a conditional sale, but a mortgage. (*Holmes* v. *Grant*, 8 Paige, 254 ; *Davenport* v. *Davenport*, 1 Wash., 164 ; *Clark* v. *Henry*, 2 Cow., 331 ; 2 Greenl. Cruise, title 15, Mortgage, Chap. 1, § 38, note ; *Conway* v. *Alexander*, 7 Cranch, 240 ; *Flagg* v. *Mann*, 2 Sumn., 537 ; *Robinson* v. *Cropsey*, 2 Edw. Ch., 138 ; *Saxton* v. *Hitchcock*, 47 Barb., 225 ; *Brown* v. *Dewey*, 2 id., 34.) Plaintiff's right to redeem was not barred or prejudiced by non-payment of the first installment when it became due. (*Horn* v. *Keteltas*, 46 N. Y., 611 ; *Clark* v. *Henry*, 2 Cow., 331 ; *Glover* v. *Payne*, 19 Wend., 520 ; *Holmes* v. *Grant*, 8 Paige, 259, note ; *Slee* v. *Manhat. Co.*, 1 id., 55 ; *Flagg* v. *Maur*, 2 Sumn., 540 ; 2 Greenl. Cruise, title 15, Chap. 1, § 38.; *Eaton* v. *Green*, 22 Pick., 530 ; 1 Kent's Com., m. p. 144.) There is no distinction in equity material to this case between the right of redemption of a mortgagor of personal and of real property. (*Charter* v. *Stevens*, 3 Den., 35, 36 ; *Dane* v. *Mallory*, 16 Barb., 50 ; *Wilson* v. *Little*, 2 Comst., 446 ; *Hinman* v. *Judson*, 13 Barb., 630 ; *Rich* v. *Milk*, 20 id., 618 ; *Patchin* v. *Pierce*, 12 Wend., 62.) No tender of the amount due was necessary before bringing this action. (*Wilson* v. *Little*, 2 Comst., 443 ; *Beach* v. *Cooke*, 28 N. Y., 525, 535 ; *Miner* v. *Beekman*, 42 How. Pr., 33 ; *Bruce* v. *Tilson*, 25 N. Y., 197 ; *Horn* v. *Keteltas*, 46 id., 611 ; Hoff. Ch., 353.) The measure of damages applied by the referee was more favorable to defendant than he was entitled to. (*Bagley* v. *Smith*, 10 N. Y., 489 ; Sedg. on Dam., 100 ; *Ormsby* v. *Vt. Cop. Co.*, 56 N. Y., 625 ; *Baker* v. *Drake*, 53 id., 211.)

ANDREWS, J. The judge on the trial held that the instruments executed between the parties on the 28th of August,

1873, constituted a mortgage from the plaintiff to the defendant, on the stock of goods and personal property mentioned therein to secure the payment to the latter of $2,000, for his capital invested in the firm of Bragelman & Daue, and the debts of the firm then existing, which, as the evidence tends to show, were assumed by the defendant. Treating, therefore, the instruments as a mortgage, which is, we think, the real nature of the transaction, the rights of the respective parties are easily ascertained. The defendant acquired by the mortgage a defeasible title to the mortgaged property, which would become absolute on the failure of the plaintiff to pay the sum secured or any part thereof when it should become due. (*Charter* v. *Stevens*, 3 Den., 33.) It was not necessary that the mortgage should declare that this result would follow the omission of the plaintiff to pay the money at the time specified, or that non-payment should work a forfeiture. This is an incident attending the relation of mortgagor and mortgagee of chattels, and the mortgagor must pay according to the terms of his undertaking, or else his rights at law are terminated. In this case the money secured by the mortgage was payable in installments, the first of which fell due October 28th, 1873, and was not paid. The goods were then in the actual possession of the plaintiff, but as agent for the defendant.

The defendant, in consequence of the plaintiff's default, was the absolute owner of the goods, with the right of possession, but there remained in the plaintiff an equity of redemption liable to be extinguished by a valid sale of the property by the mortgagee.

The defendant on the 4th of December, 1873, took the goods into his actual custody. Soon after, this action was commenced, which in substance is an action by the mortgagor to redeem. The learned judge, at Special Term, found that the taking of the property by the defendant, on the 4th of December, 1873, was, as to the plaintiff, a conversion, and he directed an accounting and adjudged that the defendant account to the plaintiff for the proceeds and value of the

goods, after deducting the $2,000 secured by the mortgage, with interest. To this finding, that the defendant should account for the value of the goods, the defendant excepted. We think this exception was well taken.

The taking of the goods by the defendant, on the 4th of December, was not a conversion. The defendant, in taking them, was exercising a legal right, and interfered with no right of the plaintiff. By virtue of his ownership of the goods, he was entitled to the possession. When the action was tried, a part of the goods had been sold by the defendant, but a part were still in his possession, and in the judgment which the plaintiff finally recovered, was included the value of the goods unsold, thereby compelling the mortgagee, in an action for redemption, to become the purchaser of a portion of the mortgaged property, and to take it at a valuation determined by the court. This part of the judgment was, we think, erroneous.

If, on the accounting, it appeared that the defendant had received sufficient from the proceeds of the goods sold by him to pay the plaintiff's debt, the goods remaining in his possession should have been adjudged to belong to the plaintiff, but we see no ground for compelling the defendant to take them at a valuation, and pay the plaintiff therefor as upon a purchase by him. For this error we think the judgment should be reversed, and we do not consider the other questions raised, in respect to the accounting.

The judgment should be reversed and new trial ordered.

All concur.

Judgment reversed.