FRANK BURNS, APPELLANT, *v.* DEVINE M. MUNGER, RESPONDENT.

*Contract to perfect title to the satisfaction of the vendee — when the vendee will be compelled to accept a title in fact perfect, although an apparent record lien remains undischarged.*

This action was brought by the plaintiff, as the assignee of one Collins, to recover the purchase-price of a canal-boat sold by Collins to the defendant upon the following written agreement executed, delivered and signed by him on April 28, 1880:

' In consideration of Patrick J. Collins delivering to me a pefect title to the canal-boat H. M. Sabey, and clearing up the record title as to the same, nullifying all liens, mortgages, etc., to my satisfaction, I will pay to the order of said Patrick J. Collins, and on delivery of all the papers necessary to properly transfer said boat to me or to my order, the sum of one thousand dollars."

The referee found that on April 29, 1880, Collins delivered the boat and a bill of sale, duly executed by him, to the defendant, with intent to convey the title to him, but that the condition as to clearing the record title, etc., had not been performed for the reason that Collins had not procured the discharge of two

chattel mortgages given by a former owner of the boat, which had been duly filed in the office of the auditor of the canal department.

*Held,* that as it appeared that Collins had purchased the boat at a sale upon the foreclosure of a chattel mortgage given by the said prior owner to the person from whom he purchased the boat, which had been duly filed in the auditor's office prior to the giving and filing of the two other mortgages, and that there was no statute providing for the discharge of chattel mortgages filed in the office of the auditor, a perfect title to the boat passed to the defendant, which he was bound to accept, and that the referee erred in directing a judgment in his favor.

APPEAL from a judgment in favor of the defendant, entered in Niagara county, on the report of referee.

The action was brought to recover the purchase-price of a canal boat sold by one Collins to the defendant, and alleged to be due and payable to the plaintiff, who is the assignee of the claim. The action is upon the agreement of the defendant, made in writing as follows:

"NEW YORK, *April* 28, 1880.

"In consideration of Patrick J. Collins delivering to me a perfect title to the canal boat H. M. Sabey and clearing up the record title to the same, nullifying all liens, mortgages, etc., to my satisfaction, I will pay to the order of said Patrick J. Collins, and on delivery of all the papers necessary to properly transfer said boat to me or to my order, the sum of one thousand dollars.

"D. M. MUNGER."

The referee has found that the agreement was on April 28, 1880, executed and delivered by the defendant to Collins, and that on April 29, 1880, Collins delivered the boat and a bill of sale of it duly executed by him to the defendant or to his agent, and that although the name of the purchaser in the bill of sale was left blank, it and the boat were so delivered with the intent to convey title to the said boat to the purchaser. The referee also found that the condition in the agreement of April 28, 1880, providing for clearing up the record title, nullifying all liens, mortgages, etc., to the satisfaction of the defendant, had not been performed, and directed judgment for the defendant. This conclusion is based upon the further facts found by him, that one Glenn being the owner of the boat sold it to Helen Herring in August, 1877, and took from her a chattel mortgage upon it to secure $1,550 of the

purchase-money; that, pursuant to the mortgage, the boat was taken from the possession of the mortgagor, the sale of it duly advertised, and on July 24, 1879, it was sold at public auction to Collins, who took possession and held it until the delivery of it to the defendant or his agent, April 29, 1880; that after her purchase of the boat, and in 1878 and 1879, Herring made to Ryan and Hogan, respectively, mortgages upon it, which were filed in the office of the auditor of the canal department; that the mortgage to Ryan was renewed by filing a copy in 1879, and not after, and that the mortgage to Hogan was in like manner renewed annually to and including 1881. There is no finding that the lien of these two mortgages, or of either of them, continued on the boat after the sale on the prior and purchase money mortgage. The party who took possession of the boat under such purchase by the defendant, and ran it, caused the boat to be placed upon a dry dock in New Jersey for repairs in July, 1881, and failing to pay charges for the repairs there made, it was sold by a United States marshal, pursuant to a decree on account of the claim and in execution of the lien of the dry dock men.

*F. Brundage*, for the appellant.

*William Nathaniel Cogswell*, for the respondent.

BRADLEY, J.:

It must be assumed, for the purposes of this review, that by the sale of the boat to the defendant and the delivery of it and the bill of sale, he took title free from all liens. The view of the referee evidently was, that the two subsequent mortgages ceased to be effectual liens or charges upon the boat from and after the sale of it upon the prior and purchase-money mortgage, and that the title of the defendant was, so far as appeared, perfect on the delivery of the property on April 29, 1880, and put his determination on the ground that the right to require payment was dependent upon the condition precedent, that the record in the auditor's office should in some manner represent that those two junior mortgages were satisfied, or that the apparent lien appearing by such record, should be made to disappear. The general rule upon the subject is that a condition precedent must be fully performed to give a right of action to the party on

whom its performance rests. (*Oakley* v. *Morton*, 11 N. Y., 25.)
And this proposition is asserted as the defense. The purpose of
the parties to the agreement of sale was to vest in the defendant a
perfect title to the boat, and to that end the provision referred to
was inserted by the defendant in the instrument containing his
promise to pay. It is entitled to a reasonable interpretation, and
some reference may be had to the purpose in view to ascertain the
intention of the parties in making and taking the agreement. There
is no provision furnished by the statute for making the discharge of
chattel mortgages of record. It is provided that they may be filed
with the auditor and that an entry be made in a book kept in his
office in a manner specified. (Laws 1864, chap. 412.) It could not
have been contemplated that any entry should be made in the books
of the auditor not authorized by the statute. The consideration
upon which the defendant agreed to pay the purchase-price was that
Collins should deliver the papers necessary to transfer the boat to
the defendant and deliver to him a perfect title to it, but it is said
that this is not all, because the further requirement embraced within
the consideration is the clearing up the record title nullifying all
liens, etc. How is this to be done otherwise than by transferring a
perfect title by delivery of the papers requisite for such purpose?
The liens and mortgages were nullified when the perfect title was
transferred. There could then remain no record title or title on the
record in the application of that term to personal property. The
clearing up the title seems to be all that was required to accomplish
what was within the meaning of the agreement. How it should be
done is not provided for by the contract other than that it should be
done to the satisfaction of the defendant. And when it is effectually
done his caprice cannot properly take the place of satisfaction on
his part. Assuming, as we do, that the defendant, so far as relates
to the title and to its freedom from lien, received by the sale and
delivery of the property all that was bargained for, the continued
appearances upon the files and register of the auditor's office of the
two junior mortgages is not a substantial cause for failure to pay,
and the rigor of a condition precedent will not in such case be
applied unless the construction of the agreement requires. The
formal discharge of those mortgages by the mortgagees would not
change the apparent situation of the record in the auditor's office,

but the fact would have to appear *aliunde* the record.   The manner in which the lien of these mortgages are discharged is not important, as no method of doing it is provided by the contract, and the effect is the same if such lien had been, in fact, discharged at the time of the sale and delivery of the boat to the defendant or to the person for whom he made the purchase.   The legal effect of the first and purchase-money mortgage made by Herring to Glenn, was a sale by the mortgagor to the mortgagee of the property, with a right of redemption in the former, which was cut off by the sale, and the effect of the sale was the same upon the subsequent mortgagees of Herring.   When these two junior mortgages were filed the prior one had been filed and there had been no omission to refile it in the manner prescribed by the statute.   It was then effectual as against them and would continue so without any subsequent refiling of it. (*Meech* v. *Patchin*, 14 N. Y., 71.)

There is, therefore, no opportunity upon the facts, as they appear by the record, to conclude that this mortgage had not priority in fact and legal effect at the time the boat was taken and sold pursuant to it, or that the sale was not in the proper or approved manner to cut off any subsequent liens on the property.   It seems to follow that the lien of these junior mortgages was discharged by such fore closure of the senior mortgage and the sale pursuant to it, and the record title, if it may be called such, represented by those two mortgages, and the filing and registering them was cleared up, so far as practicable, and as effectually as if discharges to that effect had been executed by the mortgagees. (*Bragelman* v *Daue*, 69 N. Y., 69; *Edmiston* v. *Brucker*, 40 Hun, 256.)   There is no claim made that there was any appearance of liens upon the boat other than those represented by those two junior mortgages.   And to say that the seller of the boat undertook to obtain from the mortgagees a satisfaction or discharge of those mortgages is the expression of a requirement not within his power to perform without their consent; and as the performance of the contract does not require that to be done a construction cannot properly be given to it which will impose an impossible condition, or one the performance of which does not come within the power or control of the seller of the property or his assigns.   The view of the referee was that at the time of making the sale and agreement, it was con-

templated by the parties to it, that something further should be done by way of clearing up the record title and nullifying liens, and that nothing having been done in that direction, it is not sufficient that the mortgages were then in fact no lien, and that the satisfaction of the defendant was not required until those mortgages were in some manner removed from the records or files of the auditor's office. This is reasoning the contract into a construction which its terms do not necessarily require, and thus making a condition which is neither substantial in its effect, or practicable for performance. But he has found that the agreement in question was made the day prior to the delivery of the property and bill of sale; and while such delivery may not be treated as a waiver of any condition in the contract of the day previous, it may be entitled to some consideration upon the question of the purpose and construction of the agreement in view of the delivery and acceptance which thus followed the time of its execution; and of the fact that the agreement of sale had not been executed on the part of the seller at the time the contract in question was made. The conclusion that a new trial should be granted is reached upon the assumption, which we think the facts, as found by the referee, require, that a perfect title to the property passed by the sale in question.

The judgment should be reversed, and a new trial granted, costs to abide the event.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment reversed, and new trial ordered before another referee, costs to abide event.