BERNARD CASSERLY, as Receiver, etc., Appellant, *v.* SILAS H. WITHERBEE et al., Respondent.

In an action brought by plaintiff, as receiver of the P. H. S. & I. Co., the complaint alleged in substance that said company executed to defendants' firm chattel mortgages on all its property, consisting of buildings, machinery, tools, etc.; that default having been made in payment, defendants took possession of the property and sold it at auction, they bidding it in for $1,000; that none of the property was in view of the persons attending the sale; that it was all put up in a lump and sold together at the request of defendants, although they knew it could be sold in parcels, and greater sums realized for it if so sold; that none of the company's officers were present; that since the sale defendants have claimed to own the property and have sold $10,000 or $15,000 of it; that at the time of the sale the property was worth about $60,000, and the company's indebtedness to defendants did not exceed $20,000. The relief asked was that defendants be required to account for the value of the property, and after application of sufficient to extinguish the debt secured that plaintiffs have judgment for the balance. A demurrer to the complaint was sustained because of the omission of an averment of a tender to defendants of the amount conceded to be due and unpaid on the mortgages, or an offer to pay that amount on its being ascertained.

*Held,* error; that the sale to defendants was voidable and could be vacated and set aside as part of the relief in this action; that the amount received by defendants on the sales made by them was appli‐cable and must be deemed to have been applied upon the mortgages, and the property remaining in their hands to be held as security for the balance due; that a tender before suit, or an offer in the complaint to pay was not necessary and the omission thereof was only important as bearing upon the question of costs; that the facts alleged in the complaint were sufficient to show a right of redemption in plaintiff and the action should be treated as one to redeem and for such incidental relief as is necessary to accomplish the redemption.

*It seems* that in such an action payment of the amount found due should be required by the judgment, upon, and as a condition of redemption, and that a dismissal of the complaint on default of payment under the judgment would operate as a forclosure.

*It seems,* also, the fact that on foreclosure of a chattel mortgage, the mort‐gagee becomes the purchaser, does not itself render the sale void.

(Argued February 26, 1890 ; decided March 11, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 28, 1888, which affirmed a judgment sustaining a demurrer to the complaint, entered upon an order of Special Term.

The nature of the action and the material facts are stated in the opinion.

*Henry Bacon* for appellant.   The demurrer can only be sustained if, upon the facts alleged and admitted, the plaintiff is not entitled to any relief.   (*Emery* v. *Pease,* 20 N. Y. 62 ;. *Hale* v. *O. N. Bank,* 49 id. 626 ; *Marie* v. *Garrison,* 83 id. 14 ; *Kingsland* v. *Stokes,* 25 Hun, 107 ; *Pierson* v. *McCurdy,* 61 How. Pr. 134.)   The plaintiff is entitled to commence and prosecute this action.   (Laws of 1858, chap. 314 ; *Atty.-Gen.* v. *G. M. L. Ins. Co.,* 77 N. Y. 272.)   The plaintiff, not being the mortgagor, nor solely its representative, was not bound under the circumstances of this case either to tender the amount due before suit brought, or to offer in his complaint to pay the amount found due, were he seeking by this action solely a redemption of the property.   No tender was required. (*Dunning* v. *Humphrey,* 24 Wend. 31 ; *People* v. *Sternburgh,*

1 Den. 635; *Wilson* v. *Little*, 2 N. Y. 449; *Wheeler* v. *Garcia*, 40 id. 584; *Currie* v. *White*, 45 id. 822; *Delavan* v. *Duncan*, 49 id. 485; *Hartley* v. *James*, 50 id. 38; *Haynes* v. *A. P. Ins. Co.*, 69 id. 435; Code Civ. Pro. § 481.) The plaintiff was entitled to compel an accounting by the defendants. (*Sheldon* v. *Loper*, 14 John. 352; *Cresson* v. *Stout*, 17 id. 116; *Pulver* v. *Richardson*, 3 T. & C. 436; *Shimer* v. *Mosher*, 39 Hun, 153; *Buffalo S. E. Works* v. *S. M. Ins. Co.*, 17 N. Y. 403; *Craig* v. *Tappen*, 2 Sandf. Ch. 79–90; *Hoyt* v. *Monteuse*, 16 N. Y. 231; *Bragelman* v. *Dane*, 69 id. 69; *Coe* v. *Cassedy*, 72 id. 133, 138; *Davenport* v. *McChesney*, 86 id. 242; *King* v. *Van Vleck*, 109 id. 363; *Case* v. *Boughton*, 11 Wend. 106; *Charter* v. *Stevens*, 3 Den. 33; *King* v. *Van Vleck*, 40 Hun, 68.)

*Chester B. McLaughlin* for respondent. This appeal brings up for review in this court only the determinations of the General Term, affirming the interlocutory judgment. (Code Civ. Pro. § 1336; Baylies on N. T. & App. 213; *C. V. N. Bank* v. *Lynch*, 76 N. Y. 514; *Campbell* v. *N. Y. C. Exchange*, 15 J. & S. 558; *Kaiser* v. *I. A. F. & B. Co.*, 20 id. 557; *Raynor* v. *Raynor*, 94 N.Y. 250; Code, § 1536.) The complaint does not state facts sufficient to constitute a cause of action. Plaintiff has not paid or tendered, or offered in the complaint to pay, the amount remaining due upon the mortgages. (*Ballou* v. *Cunningham*, 60 Barb. 425; *Chamberlain* v. *Martin*, 43 id. 607; *Halstead* v. *Swartz*, 1 T. & C. 562; Thomas on Mort. & Sales, 22; *Coe* v. *Cassidy*, 72 N. Y. 138; *Stoddard* v. *Dennison*, 38 How. Pr. 296; *Hulsen* v. *Walter*, 34 id. 385; *Porter* v. *Parniley*, 49 id. 453; *Case* v. *Boughton*, 11 Wend. 106.) Relief in equity can be granted only upon payment or tender of payment of the whole mortgage debt. That must be averred and proved, as it lies at the foundation of the only remedy the plaintiff has. (*Stoddard* v. *Dennison*, 38 How. Pr. 306; *Brush* v. *Evans*, 21 J. & S. 523; *Polk* v. *Lord Clinton*, 12 Ves. 48–59; *Halstead* v. *Swartz*, 46 How. Pr. 289; *Hall* v. *Ditson*, 5 Abb. [N. C.] 198; *Lambush* v. *Miller*, 38 N. J. Eq. 117; 4 Kent's Com. 162, 163, 164; Thomas on Mort. & Sales, § 218; *Edmiston* v. *Brunker*, 40 Hun, 256.)

Earl, J.   In his complaint the plaintiff alleges that in June, 1887, in an action in the Supreme Court against the Port Henry Steel and Iron Company, limited, he was duly appointed the permanent receiver of that company; that he duly qualified and was then acting as such; that the defendants were copartners in business, and during the year 1886 the iron company became indebted to them in the sum of $17,086.84; that on the tenth day of August in that year it executed to them chattel mortgages on " all buildings, machinery, erections, tools, fixtures and appliances, hoisting engine and all machinery and apparatus connected therewith, placed by it upon the premises known as the Cedar Point Furnace and land adjacent, together with all scraps of iron owned by it and in its possession at Port Henry, N. Y.;" that the mortgages, by their terms and conditions, became due and payable on or before the 1st day of January, 1887, and the amount secured by them not having been paid, on the 10th day of January, 1887, the defendants took actual possession of the property described in them, and thereafter caused a sale to be made thereof at auction, at which they bid in the same for the sum of $1,000; that the sale was irregularly made and unfairly conducted, and no portion of the property was visible, in sight or in view of the person or persons attending the sale; that all the property was put up for sale in a lump and sold together at the request of the defendants, although they well knew that the property could be sold separately and greater sums realized therefor if sold in parcels; that none of the officers of the corporation were present at the sale; that ever since the property was taken by defendants they have claimed to be the legal owners thereof and still hold and retain the same, except that since the sale they have sold some portion thereof, realizing from such sale between the sum of $10,000 and $15,000; that at the time the property was taken by defendants and sold, the value of the same was about $60,000, and the indebtedness due from the defendants to the corporation on the mortgages did not exceed the sum of $20,000; that the defendants claim to be creditors of the company for the balance of the indebtedness

secured by the mortgages after deducting the sum of $1,000, amounting to $18,281.59 with interest from August 10, 1886; and the prayer for judgment is as follows: "Wherefore, by reason of the premises, the plaintiff demands judgment and decree of this court that said defendants account to the plaintiff herein for the true and full value of the property so taken and sold by them at the time the same was so taken, retained and sold as hereinbefore stated, and that the value thereof so to be ascertained be applied in payment and extinguishment of the debt secured by said mortgages referred to, and that plaintiff herein have judgment against said defendants for the balance, together with such other and further relief in the premises as may be just and equitable with the costs and disbursements of this action."

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The judge at Special Term sustained the demurrer on the ground, as appears from his opinion, that the plaintiff should have alleged in the complaint a tender of the amount confessedly due and unpaid upon the mortgages; and the judgment of the Special Term was sustained by the General Term, as appears from its opinion, because the plaintiff omittted to show "either a tender of the amount conceded to be due to the defendants, or an offer to pay that amount upon its being ascertained and established at the trial."

The plaintiff, as receiver of the iron company, occupies its place in this action, and has the same right to maintain the action that it would have had if no receiver had been appointed. After default in the payment of the mortgages, at law the title of the defendants became absolute, and they were the general owners of the property mortgaged. Thereafter the mortgagor could maintain no action whatever at law against them. All that remained to it was a right of redemption, which could only be enforced in an equitable action. (*Charter* v. *Stevens*, 3 Den. 33; *Stoddard* v. *Denison*, 38 How. Pr. 296; *Bragelman* v. *Daue*, 69 N. Y. 69.)

The fact that upon the sale by the defendants under the

mortgage, they became the purchasers, does not, of itself, render the sale void. (*Olcott* v. *T. R. R. Co.*, 27 N. Y. 546; *Edmiston* v. *Brucker*, 40 Hun, 256; *King* v. *Walbridge*, 48 id. 470; *Elliott* v. *Wood*, 45 N. Y. 71; *Hall* v. *Ditson*, 5 Abb. [N. C.] 198.)   But the other facts alleged in the complaint show that the sale was void, or if not void, that it was certainly voidable; and it could be vacated and set aside, if necessary, as part of the relief in this action.   A sale, in bulk, for $1,000, of property worth $60,000, consisting of a large number of articles, when the property was not present or visible to the persons attending the sale, in the absence of any of the officers of the mortgagor, could not stand either in a court of law or of equity for one moment.   Therefore, after that sale the defendants still remained in possession of the property, as before, and the mortgagor's right of redemption was not cut off thereby.   The defendants subsequently sold between $10,000 and $15,000 of the property, as we must infer, at private sale.   That sale was valid, if fairly made. (*Chamberlain* v. *Martin*, 43 Barb. 607; *Ballou* v. *Cunningham*, 60 id. 425; *Coe* v. *Cassidy*, 72 N. Y. 133.)   The amount received upon the sale of such property was applicable, and must be deemed to have been applied upon the mortgages, and the balance of the property remained in their hands as security for the balance due upon the mortgages.   The defendants, upon any facts alleged in the complaint, could not be compelled to take that at a valuation, and the only right of the plaintiff in reference thereto was a right of redemption, upon paying the balance due upon the mortgages. (*Bragelman* v. *Daue, supra.*)

The facts alleged in the complaint are sufficient to show in the plaintiff a right of redemption from the mortgages, and this action should be treated as one to redeem; and in it the plaintiff may have such incidental relief as is necessary to accomplish the redemption.   He may have an accounting so as to determine the amount due upon the mortgages, and judgment giving him the right to redeem upon payment of that amount.

As a condition to his right to maintain this action it was not necessary for the plaintiff, before the commencement thereof, to tender or offer to pay the balance due upon the mortgages. Nor was it necessary for him to offer in his complaint to pay the amount which should be found due. There are, undoubtedly, authorities laying down the rule in general terms, that before an action to redeem from a mortgage can be maintained, the mortgagor must either tender the amount due upon the mortgage, or offer to pay the amount in his complaint. But it has never been so decided in this court, and we think it is now the settled law in this state, under our present system of pleadings, that the allegation of such a tender or offer is unnecessary. It certainly is not necessary to allege that a tender or offer to pay the amount due upon the mortgage was made before the commencement of the action ; and an offer in the complaint is at most a technical matter, serving no substantial purpose, because in the judgment given in such an action the court always provides that redemption can be had upon payment of the amount due. The tender and offer are important only, as they have bearing upon the question of costs. The mortgagor's right of redemption is not dependent upon his offer or tender of payment. It exists independently thereof, and antecedently thereto. The tender or offer is not needed to put the mortgagee in default, and if made, no relief can be based thereon as the rights of the parties are not changed thereby, and independently thereof are always taken care of and regulated in the judgement. Payment upon redemption and as a condition of redemption can be enforced in the action, and the dismissal of the complaint in such an action, on default of payment under the judgment, as a condition of redemption, operates as a foreclosure. (*Bishop of Winchester* v. *Paine*, 11 Vesey, 194.)

In *Quin* v. *Brittain* (Hoff. Ch. 353), it was held that it was not essential in a bill to redeem to offer to pay the amount due upon the mortgage ; that in such a suit there is no decree for payment, but the bill is dismissed in default of payment, and then the decree becomes equivalent to a foreclosure. The

learned vice-chancellor, in that case, said: " It is objected that there is not in the bill an offer to pay the amount due. I do not find in the precedents that such an offer is distinctly made. The form is that upon the payment of what, if anything, shall be found due in respect to principal and interest, the mortgagee may be decreed to deliver possession. Neither can it be essential, because no decree is ever made upon such a bill for the payment of the amount personally. If the amount found due is not paid, there is a decree of dismission, with costs, which is equivalent to a decree for foreclosure." In *Beach* v. *Cook* (28 N. Y. 508), it was held that in an action to redeem from a mortgage it was not necessary that the complaint should contain an express general offer to pay any balance which might be found due. SELDEN, J., writing the opinion of the court, said: " There is no express general offer to pay any balance which might be found due; but it was held under the former system of pleading that such an offer in a bill to redeem was not necessary, and it is certainly not indispensable now. * * * The case, therefore, was in form, one in which it was proper to allow the plaintiff to redeem, and I can discover nothing in his position to render such redemption unjust or inequitable. * * * If he fails to redeem within the time appointed, the dismissal of his complaint as the consequence of such failure, operates as a foreclosure of the mortgage." (See, also, *Miner* v. *Beekman*, 11 Abb. [N. S.] 147, 160.)

We are, therefore, of opinion that this complaint, with its prayer for general and specific relief, was sufficient for an action to redeem from the mortgages, and that, therefore, the judgments of the Special Term and of the General Term were wrong and should be reversed, and the plaintiff should have judgment upon the demurrer, with costs in all the courts, unless the defendant shall, within thirty days from the filing of the remittitur in the court below, pay the costs subsequent to the service of the demurrer, and interpose an answer to the complaint

All concur.

Judgment accordingly.