THE PETER BARRETT MANUFACTURING COMPANY, Respondent, *v.* FRED VAN RONK, Defendant, and EVERETT E. WHEELER, Appellant.

Chattel mortgage — lien of bailee of animals — when mortgagor cannot make an agreement giving keeper of livery stable lien on vehicle, for caring for any animal or any other vehicle, superior to lien of chattel mortgage thereon.

1. In this state a chattel mortgage is a present transfer of the title to the property mortgaged by it, defeasible by the payment of the sum or instrument it is given to secure. In default of performance

by the mortgagor the title of the mortgagee becomes absolute, the mortgagor, however, possessing the equity of redemption.

2. At common law an agistor had no lien on the animals pastured or kept by him except through a special agreement therefor, which the mortgagor of them had not the authority to make. A lien of a livery stable keeper or an agistor is the creature of a statute. By section 183 of the Lien Law (Laws 1909, ch. 38; Cons. Laws, ch. 33) it is provided that a person keeping a livery stable has a lien dependent upon his possession, upon each animal boarded by him, and upon a vehicle of any kind stored or kept by him, provided an express or implied agreement is made with the owners thereof, whether such owner be a mortgagor remaining in possession or otherwise, for the sum due him for the animal, or for the keeping or storing of any vehicle under the agreement, and may detain the animal or vehicle until such sum is paid. *Held*, that the statute is in derogation of the common law and must be strictly construed; that the section does not authorize a mortgagor to enter into any agreement as against the mortgagee for the storing and caring of any vehicle or animal which would give rise to or uphold a lien upon it for charges other than for the care or board of such vehicle or animal.

*Barrett Mfg. Co. v. Van Ronk*, 149 App. Div. 194, affirmed.

(Argued May 8, 1914; decided June 9, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 17, 1912, reversing a judgment in favor of defendant rendered by the Municipal Court of the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Christopher W. Wilson, Jr.*, and *Robert H. Wilson* for appellant. This is a remedial statute and is to be liberally construed. (*Kline* v. *Green*, 5 Misc. Rep. 100; *Hudler* v. *Golden*, 36 N. Y. 447; *Weed* v. *Tucker*, 19 N. Y. 443; *Ayers* v. *Lawrence*, 59 N. Y. 192; *Berger* v. *Varrelman*, 127 N. Y. 281; *Allen* v. *Stevens*, 161 N. Y. 122.) The law is well settled that when a lien is given it attaches to everything in the lienor's possession for the

full amount of his claim. (*Morgan* v. *Congdon,* 4 N. Y. 552; *Wiles Laundering Co.* v. *Hahlo,* 105 N. Y. 234; *Conrow* v. *Little,* 115 N. Y. 387; *Waters & Co.* v. *Gerard,* 189 N. Y. 202.) The plaintiff's rights are not superior to those of the defendant Wheeler. (*Corning* v. *Ashley,* 51 Hun, 483; 121 N. Y. 700; *Baumann* v. *Post,* 34 N. Y. S. R. 308.) The lien of the defendant Wheeler was prior to that of the plaintiff. (*Lessells* v. *Farnsworth,* 13 Daly, 473.) If plaintiff's chattel mortgage had been filed prior to the agreement between Wheeler and Van Ronk, Wheeler's lien would still have been superior to that of the plaintiff. (*Corning* v. *Ashley,* 51 Hun, 483; 121 N. Y. 700.)

*Cyrus V. Washburn* for respondent. The appellant could not acquire a lien after the filing of the plaintiff's mortgage, and he failed to show that he acquired any rights prior thereto. (*Baumann* v. *Post,* 24 N. Y. S. R. 308; *Ludwig, Baumann & Co.* v. *Roth,* 67 Misc. Rep. 458; *Butler* v. *Miller,* 1 N. Y. 496; *Curtis* v. *Leavitt,* 15 N. Y. 9; *Campbell* v. *Birch,* 60 N. Y. 214; *Stearns* v. *Oberle,* 47 Misc. Rep. 349; *Stevens* v. *Hauser,* 39 N. Y. 302; *Dunham* v. *Townshend,* 118 N. Y. 281; *McRoberts* v. *Bergman,* 132 N. Y. 73.) Even if the appellant obtained possession of the truck prior to the filing of the mortgage, he did not acquire a general lien upon it for services with respect to other property, not belonging to the plaintiff. (Cons. Laws, ch. 33, § 183; *Morgan* v. *Congdon,* 4 N. Y. 552; *Wiles Laundering Co.* v. *Hahlo,* 105 N. Y. 234.) The statute is in derogation of the common law and should be strictly construed. (*Ludwig, Baumann & Co.* v. *Roth,* 67 Misc. Rep. 458; *McManus* v. *Garvin,* 77 N. Y. 36; *Fitzgerald* v. *Quann,* 109 N. Y. 441; *Tompkins* v. *Hunter,* 149 N. Y. 117.)

COLLIN, J. The action is to foreclose a chattel mortgage upon a market truck and was instituted under

article fourth of title 3 of the Municipal Court Act of New York city. (Laws of 1902, ch. 580.) The truck was manufactured and was delivered by the plaintiff in the month of July, 1909, to one Van Ronk, who executed to the plaintiff the chattel mortgage here under foreclosure, dated July 23, 1909, upon it. The mortgage was filed August 6, 1909, and was duly refiled. The defendant Wheeler was a livery stable keeper. On July 31, 1909, Van Ronk took to the stable of Wheeler, to be boarded and kept by him, seven horses, four trucks and harnesses, at the agreed price of $25.00 per month for each horse. At a time in dispute between the parties, the truck in question was delivered to Wheeler to be stored by him. About December 8, 1910, the plaintiff, by virtue of the chattel mortgage, demanded the possession of the truck of Wheeler, who refused it under his claim of a lien under section 183 of the Lien Law (L. 1909, ch. 38; Cons. Laws, ch. 33) in the amount of $404.53 on account of boarding the horses and storing all the trucks and other articles of Van Ronk. This action was then begun. The Municipal Court adjudged a lien in Wheeler's favor upon the truck for $336.23 and its foreclosure. The Appellate Division reversed the judgment of the Municipal Court and ordered a judgment foreclosing the chattel mortgage as a first and superior lien.

The section 183 is: "A person keeping a livery stable, or boarding stable for animals, or pasturing or boarding one or more animals, or who in connection therewith keeps or stores any wagon, truck, cart, carriage, vehicle or harness, has a lien dependent upon the possession upon each animal kept, pastured or boarded by him, and upon any wagon, truck, cart, carriage, vehicle or harness, of any kind or description, stored or kept provided an express or implied agreement is made with the owners thereof, whether such owner be a mortgagor remaining in possession or otherwise, for the sum due him for the care, keeping, boarding or pasturing of the animal, or

for the keeping or storing of any wagon, truck, cart, carriage, vehicle and harness, under the agreement, and may detain the animal or wagon, truck, cart, carriage, vehicle and harness accordingly, until such sum is paid."

If our decision as to the validity and superiority of the claim of Wheeler depended upon the date of his receipt of the truck, or that of the delivery of the chattel mortgage to the plaintiff, we would be unable to consider this appeal, because the record and the briefs of counsel present evidence and facts concerning those dates which permit conflicting inferences and our review is limited to questions of law. (Constitution, art. 6, sec. 9.) The judgment appealed from must be sustained, however, upon a ground independent of the time of either of those occurrences. The truck was not delivered to Wheeler until after Van Ronk had received it from and delivered to the plaintiff the mortgage upon it. In this state a chattel mortgage is a present transfer of the title to the property mortgaged by it, defeasible by the payment of the sum or instrument it is given to secure. In default of performance by the mortgagor the title of the mortgagee becomes absolute, the mortgagor, however, possessing the equity of redemption. (*Bragelman* v. *Daue*, 69 N. Y. 69; *Casserly* v. *Witherbee*, 119 N. Y. 522; *Briggs* v. *Oliver*, 68 N. Y. 336.) By virtue of the present mortgage the plaintiff became the owner of the truck and Van Ronk, the mortgagor, had not thereafter the right or power to create a lien for storing or keeping the truck or other property, to the prejudice of the rights of the plaintiff, except as authorized or permitted by the section 183. At common law an agistor had no lien on the animals pastured or kept by him except through a special agreement therefor, which the mortgagor of them had not the authority to make. He is not the agent of the owner for that purpose. (*Bissell* v. *Pearce*, 28 N. Y. 252; *Grinnell* v. *Cook*, 3 Hill, 485; *Jackson* v. *Kasseall*, 30 Hun, 231; *Howes* v. *Newcomb*, 146 Mass. 76; *Sargent* v.

*Usher*, 55 N. H. 287; *McGhee* v. *Edwards*, 87 Tenn. 506; *Whitlock Machine Co.* v. *Holway*, 92 Me. 414; *Charles* v. *Neigelsen*, 15 Ill. App. 17; *Wright* v. *Sherman*, 17 L. R. A. 792.) A lien of a livery stable keeper or an agistor is the creature of a statute, and it is one of the characteristics of contractual or statutory liens that they are subordinate to all prior existing rights in the property, while common-law liens which arise, upon considerations of justice and policy, by operation of law, attach, as a general rule, to the property itself without any reference to ownership, and override all other rights in the property.

The section 183 was in force when the plaintiff took its mortgage and, in so far as it touches the mortgage or the rights of plaintiff under it, it controls them. (*Corning* v. *Ashley*, 51 Hun, 483; affd. on opinion below, 121 N. Y. 700.) It provides, in effect, for the purpose of this discussion, that Wheeler, having, in connection with boarding the horses, kept the truck in question, had a lien, dependent upon the possession, upon the truck " provided an express or implied agreement is made with the owners thereof, whether such owner be a mortgagor remaining in possession or otherwise for the sum due him for the * * * keeping * * * of the animal, or for the keeping or storing of any wagon, truck, cart, carriage, vehicle and harness, under the agreement * * *." The section is in derogation of the common law and must be strictly construed. (*Howes* v. *Newcomb*, 146 Mass. 76; *Ingalls* v. *Vance*, 61 Vt. 582; Lewis' Sutherland Stat. Const. [2d ed.] sects. 573, 574, 575.) Under the section Van Ronk had authority to enter into an agreement with Wheeler for the storing and caring of the truck by Wheeler at an agreed charge or in the absence of any agreement in relation to the charge at a reasonable charge therefor. And such agreement and its performance would uphold the lien created by the section for the amount of such fixed or reasonable charge. The section

did not, however, authorize the mortgagor to enter into any agreement for the storing and caring of the truck which would give rise to or uphold a lien upon it for the charges for keeping and caring for the horses and the other articles. Those were the property of Van Ronk. The legislature did not intend and the section does not enact that Van Ronk and Wheeler could enter into any agreement whereby the plaintiff's property could be appropriated without its authority or consent in payment of Van Ronk's liability arising from the keeping of his property as to which the plaintiff was an entire stranger. The section so enacting would be a prolific source of fraud and spoliation. Wheeler's lien upon the truck was for the sum alone due him for keeping and storing the truck.

No sum was due Wheeler for keeping and caring for the truck. From the outset, he has asserted that the charge of twenty-five dollars per month for each horse covered or included all the storage of the trucks and harnesses and the itemized bill or statement of account received from him by the plaintiff covering the period from August 17, 1909, to November 30, 1910, in response to its offer to pay the charge, if any, for storing the truck, did not contain an item for storage and only three items relating to the trucks, and those for repairs, aggregating $4.70. Upon the trial two livery stable keepers testified, as experts, in his behalf that the custom and common understanding was that in the boarding of horses the charge therefor included the storage and care of the trucks necessary for the horses and there was no additional charge for them. The undisputed facts established that he did not have a charge for or a lien upon the truck, and the record presented to the Appellate Division presented an error of law which justified the reversal.

The appeal was allowed and taken under section 191, subdivision 1, of the Code of Civil Procedure, and the certification of questions to be answered by us was irregular and unnecessary. We have, however, as we may, disre-

garded the questions certified and considered the question of law involved. (*Klein* v. *East River Electric Light Co.,* 182 N. Y. 27.)

The order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CUD-DEBACK, MILLER and CARDOZO, JJ., concur.

Order affirmed.