BROCKWAY MOTOR TRUCK COMPANY, Respondent, *v.* MORRIS SELZER, Appellant.

Supreme Court, Erie County, September 22, 1931.

*Samuel Sapowitch [Bernard A. Swartz of counsel], for the appellant.*

*Stephen V. O'Gorman, for the respondent.*

HARRIS, J. The record before me shows that the defendant, appellant herein, had certain repairs made on an automobile truck, and gave two notes for the payment of such repairs to the plaintiff, respondent, and that such two notes were secured by a chattel mortgage executed by the defendant, appellant, in favor of the plaintiff, respondent. The note first to become due was paid, but the second note, for the sum of seventy dollars, payable April 10, 1930, was not paid at the time of the bringing of this action. On default being made in payment of such seventy-dollar note, the plaintiff, respondent herein, brings this action apparently in replevin, although the defendant, appellant herein, claims that the form of the complaint is such as to mislead one as to the type of action. However, the replevin, requisition and bond served with the complaint are sufficient to advise one that the action is in replevin, especially when one considers that in what is deemed to be a poor man's court too strict attention should not be paid to formalities when the essence is present and plain to comprehend.

The learned trial court was justified in finding that the plaintiff, respondent, was entitled to the possession of the truck, and in placing the value of such truck at eight hundred dollars. However, the learned trial court has gone further and found that the plaintiff, respondent, is the owner of the truck, and has awarded forty-eight dollars as damages for wrongful detention thereof. It is in reference to such finding of ownership and the finding and fixing of damages that the judgment of the learned trial court is subject to criticism. On trial, apparently, the learned trial court was of the opinion that the plaintiff, respondent, was entitled to possession of the truck on default being shown, but that the sole interest of the plaintiff, respondent, in such truck was the unpaid amount of seventy dollars and the reasonable value of retaking and sale, if retaking and the sale took place; but the judgment of the learned trial court shows that on consideration of briefs the learned trial court reached a conclusion that the plaintiff, respondent, was entitled to ownership, complete control of the truck and damages.

This court is of the opinion that the last named findings of the learned trial court are erroneous.

It is true that certain of the cases cited by the plaintiff, respondent (*Barrett Mfg. Co.* v. *Van Ronk*, 212 N. Y. 90, 94; *Harrison* v. *Hall*, 239 id. 51; *Casserly* v. *Witherbee*, 119 id. 522), before the trial court and before this court, held that a mortgagee of chattels after default is at law the owner of such chattels, but a careful reading of such cases shows that such remarks and holdings were made in cases where third parties were seeking to fasten on the chattel-mortgaged articles claims of such third parties against the chattel mortgagor. In such cases the mortgagee is deemed the owner, but these cases so cited and the cases of *Bragelman* v. *Daue* (69 N. Y. 69) and *Leadbetter* v. *Leadbetter* (125 id. 290), read carefully, show that as between the chattel mortgagee and the chattel mortgagor, after default, the chattel mortgagee is entitled to the possession of the chattel-mortgaged articles, subject, however, to the right of the chattel mortgagor to the equity of redemption in such chattel-mortgaged articles, and that if the mortgagee takes possession of such articles under the chattel mortgage after default, he must either sell such chattel-mortgaged articles according to the terms of the chattel mortgage or become liable to the chattel mortgagor for the value of such articles to be applied on the indebtedness secured by the chattel mortgage; of course, the chattel mortgagor being liable for a deficiency and, conversely, entitled to surplus of the sale price of the security or the value of the security if no sale is held over the total of debt and expenses.

In reference to the finding that the plaintiff, respondent, was entitled to forty-eight dollars damages as interest on the value of the truck, there is nothing in the record to sustain such a finding. It, therefore, becomes necessary to modify the judgment of the City Court of Buffalo so that the same shall read: " Judgment for plaintiff and against defendant, awarding to plaintiff possession of the chattel and fixing its value at $800," and to affirm such judgment as thus modified. Of course, such modified judgment will carry with it the costs provided for in the Buffalo City Court Act (Laws of 1909, chap. 570, § 48). The defendant, appellant, may have twenty dollars costs on this appeal.