TECHNO-LECTRIC INDUSTRIES, INC., Plaintiff, *v.* MOHAWK ELECTRONICS CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, May 25, 1962.

*Krause, Hirsch, Gross & Heilpern* for plaintiff. *Herbst & Herbst* for defendant.

JAMES S. BROWN, JR., J. In an action in replevin, plaintiff moves for summary judgment. Plaintiff in substance alleges that defendant executed two chattel mortgages in favor of the Long Island Trust Company (hereinafter referred to as " the Bank ") and thereafter defaulted in the payments of its obliga-

tions; that on December 18, 1961, defendant gave the Bank peaceful possession of the mortgaged chattels and authorized the Bank to sell the property within 30 days; that at a private sale the Bank sold the chattels to the plaintiff; and that defendant refused to permit plaintiff to obtain possession thereof.

The defendant asserts that when it delivered possession of the chattels to the Bank, it did so upon condition that the Bank would not sell the property for 30 days and in any event, that the defendant would have the first option to meet any bona fide price offered by any third person; that the Bank did not notify defendant of the time set for the sale of the property, nor did it give defendant an opportunity to meet the offer of the plaintiff; that the plaintiff has removed over $38,000 of the property and that the remaining property is valued in excess of $100,000; that the price paid by the plaintiff for the property was $28,000, and the guarantee of a note in the amount of $7,737.69; that the note was subsequently paid by the debtor; that the sale of the chattels by the Bank to the plaintiff was unfairly and improperly made and patently below the true value of the chattels; that the plaintiff conspired with the Bank to purchase said chattels at a private sale for the inadequate price, well knowing the true value thereof, plaintiff's officers being former officers and directors of the defendant.

In reply to defendant's assertion that possession was delivered to the Bank under the conditions set forth above, plaintiff contends that the defendant is attempting to vary by parol evidence the unqualifying language of a letter by which defendant turned over to the Bank possession of the chattels. The parol evidence rule is not applicable where the controversy is not between the parties to the contract or their privies. It may not be invoked by a stranger to the writing (*Bell* v. *Liberty Drug Co.*, 16 A D 2d 809).

Considering these allegations and the further allegation with respect to the value of the property and the price received for the same, a question of fact arises whether or not the sale was made validly, fairly and in good faith. It is settled law that a sale of personal property covered by a chattel mortgage made unfairly and not in good faith does not cut off or extinguish the mortgagor's equity of redemption (*Harrison* v. *Hall*, 239 N. Y. 51; *Casserly* v. *Witherbee*, 119 N. Y. 522; *Ever-Ready Label Corp.* v. *Stuyvesant Photo Engraving Corp.*, 36 N. Y. S. 2d 468; *Strong* v. *Dahm*, 39 N. Y. S. 2d 266). There being an issue of fact, the motion is denied. Settle order on notice.