JOHN M. FRENCH, JR., Appellant, *v.* DANIEL W. POWERS, Impleaded., etc., Respondent.

The purchase by the mortgagee, on foreclosure of a chattel mortgage, of the mortgaged property, does not invalidate the foreclosure or prevent him from acquiring a title freed from the mortgagor's right to redeem. Upon such a sale the mortgagors were present and made no objection to it or to the mortgagee becoming the purchaser. Upon foreclosure of a mortgage of real estate, given to cover the general indebtedness, the amount realized on sale under the chattel mortgage was applied as payment. No appeal was taken from the judgment. In an action brought by the mortgagors more than six years thereafter, to set aside said sale, *held*, that they were estopped by their acquiesence therein, by raising no objection to the application of the amount, and by their long delay, from raising any question as to the regularity of the sale.

(Argued February 27, 1890; decided April 15, 1890.)

·APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 22, 1886, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This was an action brought by the assignee of two of the members of the firm of John M. French & Co., for the purpose of compelling an accounting by the defendant Daniel W. Powers.

The facts are sufficiently stated in the opinion.

*George G. Munger* for appellant. There was no fore-closure, for the reason that the defendant was himself the "purchaser" of the property at the sale and advanced no new consideration. (*Olcott* v. *T. R. R. Co.*, 40 Barb. 179; *Hall* v. *Ditson*, 5 Abb. [N. C.] 198; *Pulver* v. *Richardson*, 3 T. & C. 436; *Frazier* v. *Gilbert*, 11 Hun, 636; *B. S. E. Works* v. *S. M. Ins. Co.*, 17 N. Y. 403; *Davenport* v. *McChesney*, 86 id. 242; *Waite* v. *Dennison*, 51 Ill. 319, 321; *Phares* v. *Barbour*, 49 id. 370, 374, 375; *Imboden* v. *Hunter*, 23 Ark. 622, 623, 624; *Alger* v. *Farley*, 19 Ia. 518, 520; *Cushing* v. *Seymour*, 30 Minn. 301, 304; *Webb* v. *Emerson*, 3 Col. 248; *Hawley* v. *Cramer*, 4 Cow. 718.) The attempted foreclosure was void, because the notice of sale was defective in several essential particulars. (*Judd* v. *O'Brien*, 21 N. Y. 186; *Rathbone* v. *Clark*, 9 Abb. Pr. 68; *Cole* v. *Moffit*, 20 Barb. 18; *Cohoes* v. *Goss*, 13 id. 137; *King* v. *Duntz*, 11 id. 191; *St. John* v. *Bumpstead*, 17 id. 100; *Van Slyke* v. *Sheldon*, 9 id. 278; *Law* v. *Purdy*, 2 Lans. 422.) This attempted foreclosure was also void, for the reason that an accounting as to profits was due from the mortgagee, which could not be avoided in this manner. (*Chalaboe* v. *Cortelyou*, 2 Paige, 602; *Bell* v. *Mayor, etc.*, 10 id. 49; *Moore* v. *Cable*, 1 Johns. Ch. 385; *Walsh* v. *R. F. Ins. Co.*, 13 Abb. Pr. 33; *Pratt* v. *Stiles*, 17 How. Pr. 211; *Jackson* v. *Hall*, 84 N. C. 489; *Barnett* v. *Southworth*, 12 How. [U. S.] 367; *Whitmore* v. *Parks*, 22 Tenn. 94; Herman on Chat. Mort. 350, 351; *Ferguson* v. *Kimball*, 3 Barb. Ch. 16; 2 N. Y. 360.) The rights of J. M. French & Co., under the instrument of July 19, 1861, were in nowise affected by the foreclosure of the real estate mortgages. (Code Civ. Pro. § 1207; *Argoll* v. *Pitts*, 78 N. Y. 239, 243.) Upon the pleadings and the evidence the plaintiff is entitled to an accounting from July 19, 1861, to the spring of 1867, for the business conducted at the Novelty Works. (Code Civ. Pro. § 1207; *Wood* v. *Brown*, 34 N. Y. 337, 346.) The referee erred in permitting inquiry as to former business troubles of the firm on the cross-examination of Mr. French. (*Corning* v. *Corning*, 6 N. Y. 97; *Newcomb* v. *Griswold*, 24 id. 298;

*Kilpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Conley* v. *Maher*, 85 id. 618; *Nolan* v. *B. R. R. Co.*, 87 id. 68; *People* v. *Crapo*, 76 id. 288; *Prescott* v. *Tancey*, 18 J. & S. 12; *Crapey* v. *Perry*, 1 How. [U. S.] 40; *Yager* v. *Pierson*, 42 Hun, 400.)

*George F. Danforth* for respondent. The appeal being from a judgment on the report of a referee, it was the duty of the General Term, upon each occasion, to consider and review the facts. (Code, § 1337.) No cause of action is made out by reason of the existence of the chattel mortgage of July, 1861. (*Beekman* v. *Frost*, 18 Johns. 12, 544; *Campbell* v. *Consalus*, 25 N. Y. 613; *Silsbee* v. *Smith*, 60 Barb. 372; *Volkening* v. *DeGraaf*, 81 N. Y. 272.)

*Oscar Craig* for respondent. The findings of fact by the referee are conclusive on this appeal. (Code, §1337; *Derham* v. *Lee*, 87 N. Y. 599; *Thomson* v. *Bank of B. N. A.*, 82 id. 1; *Verplanck* v. *Member*, 74 id. 620; *Tyng* v. *U. S. S. & T. B. Co.*, 60 id. 644; *Andrews* v. *Raymond*, 58 id. 676; *McDonald* v. *Titus*, 57 id. 655; *Caswell* v. *Davis*, 58 id. 223; *Bryce* v. *L. Ins. Co.*, 55 id. 240, 242; *Finch* v. *Parker*, 49 id. 1; *Burgess* v. *Simonson*, 45 id. 225; *Stewart* v. *Morss*, 79 id. 629; *Holden* v. *Burnham*, 63 id. 74; *Fabbri* v. *Kalbfleisch*, 52 id. 28; Baylies on N. T. & App. 280, 282.) Irrespective of any oral agreement as alleged, and disproved, the plaintiff appellant is not entitled to any further accounting by the respondent. (*Derham* v. *Lee*, 87 N. Y. 599; Thomas on Chat. Mort. §§ 15, 198, 199, 202, 203, 220, 223; Wiltsie on Foreclosure, 313, 620.) The foreclosure sale under the chattel mortgage cut off the equity of redemption. (*Stanley* v. *N. U. Bank*, 115 N. Y. 129; *Peck* v. *Burwell*, 48 Hun, 470; *Olcott* v. *T. R. R. Co.*, 40 Barb. 179; 27 N. Y. 546, 566; *Hall* v. *Ditson*, 55 How. Pr. 19; 5 Abb. [N. C.] 198; Herman on Chat. Mort. 514, § 219; Jones on Chat. Mort. § 808: Thomas on Mort. 454; Overton on Liens, 503, 504; Code, § 1741.) Any and all accountings under the chattel

mortgage, outside of the alleged oral agreements, other than those necessarily involved and actually included in the trial and determination of the issues in this case, are excluded by the very theory and terms of the complaint and of the practice and proceedings in this suit. (*Salisbury* v. *Howe*, 87 N. Y. 128, 132; *H. Ins. Co.* v. *W. T. Co.*, 51 id. 93, 96; *McLewee* v. *Hall*, 103 id. 639; *Arnold* v. *Angell*, 62 id. 508; *Wright* v. *Delafield*, 25 id. 266; *Ritter* v. *Galitzenstein*, 13 Daly, 452; Thomas on Chat. Mort. § 221; *Brush* v. *Evans*, 21 J. & S. 523; *Caparly* v. *Witherbee*, 28 Wkly. Dig. 388.) Independent of the conclusions of fact in the referee's report, it is conclusively shown by the evidence in the case, that the plaintiff appellant is not entitled to any accounting by the respondent. (57 N. Y. 671; 65 id. 103; 40 id. 6; *People* v. *Pemecky*, 99 id. 415, 423; *Deering* v. *Metcalf*, 74 id. 501, 507; 63 Id. 483, 484, 487; 5 Cow. 247; *Newton* v. *Pope*, 1 id. 109; *Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 238; *Kavanagh* v. *Wilson*, 70 N. Y. 177, 179; *Elwood* v. *W. U. T. Co.*, 45 id. 549, 553; *N. Y. & B. F. Co.* v. *Moore*, 18 Abb. [N. C.] 106; Thomas on Chat. Mort. §§ 122, 123; *Derham* v. *Lee*, 87 N. Y. 599.) The evidence in the case is so complete and even cumulative on the equities, that errors, if any, as to particular questions or answers objected to, cannot affect the merits; and therefore, such errors, if any, could not have affected the result; and they will not be regarded on this appeal. (*In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 302.)

FOLLETT, Ch. J. From about January 1, 1854, to about January 14, 1862, John M. French, David L. Stiles and Elijah Bottom were partners under the name of John M. French & Co., engaged in manufacturing various articles from iron at Rochester, New York, and in manufacturing pig-iron at Ontario, New York. During this period Daniel W. Powers was engaged in banking and loaning money at Rochester. During that time Powers loaned to John M. French & Co., and advanced, for their benefit, to others, large sums of money, receiving as security a mortgage upon certain

real estate, dated April 10, 1860, and a chattel mortgage dated July 19, 1861.

January 1, 1857, John M. French & Co. executed a mortgage upon part of their real estate to James Chappell to secure him for such liability as he might incur for the benefit of the firm as an accommodation indorser, acceptor or otherwise. Chappell became liable as an accommodation indorser for John M. French & Co. in a large amount, and especially to the Union Bank of Rochester, and on the 1st day of April, 1859, he assigned this mortgage to the above bank as collateral security for the liabilities of John M. French & Co., for which Chappell was liable as an indorser. January 14, 1862, the property covered by the chattel mortgage was sold under a foreclosure of it for $11,410. April 14, 1862, Daniel W. Powers paid to the Union Bank the claims which it held against the firm, and the bank assigned its mortgage to him. April 18, 1863, the real estate covered by this mortgage was sold under a judgment of foreclosure, and a deficiency of $4,440.89 arose. Later, in 1863 (the date not appearing), the real property covered by the mortgage given April 10, 1860, was sold pursuant to a judgmet in foreclosure. In ascertaining the amount secured by this mortgage the referee, in computing the amount due, charged Powers with the amount he realized on the chattel mortgage, and also with $4,000 for the use of the real estate covered by the mortgages, he having occupied it for two years as a mortgagee in possession. From this judgment no appeal was taken. Under the sale a deficiency of $15,071.05 arose. One John Craig purchased all of the realty sold under these foreclosures, taking the conveyances in his own name, but, in fact, for the benefit of Daniel W. Powers.

The firm had a contract for the purchase of a blast furnace in Ontario, Wayne county, which was assigned to Powers as collateral, and on which there was unpaid about $800. The firm made default in payment, and on being threatened with ejectment, Powers, at the request of the firm, paid the amount due and took a deed in his own name. Some other property

was held by Powers as security for the debts of the firm and of the individual partners.    September 16, 1868, John M. French and David L. Stiles assigned and conveyed to this plaintiff all of their interest, being two-thirds, in the property of the late firm, and all causes of action which it had against Powers; and in that month this action was brought, in which it was alleged, among other things, that it was agreed between Powers and the firm that he, after acquiring the property, should hold and manage it, and carry on the business of the late firm for its benefit, first paying all sums due to himself. It is also alleged that Powers held a large sum of money and a large amount of property in his hands derived from the firm beyond what was necessary to satisfy all of his demands, and an accounting was prayed for.

The case was tried before a referee in 1875, and it was held that the agreement alleged in the complaint was not made, and that Powers was not indebted to the plaintiffs on account of the transactions between himself and the firm, but the judgment entered on that report was reversed at General Term (30 Hun, 308) by reason of the exclusion of certain evidence offered by the plaintiff.   On the second trial a new referee found the facts as they were found by the first referee.

An examination of the evidence leads us to the conclusion that none of the material findings of fact are without any evidence tending to sustain them, and so reviewable in this court as questions of law.

The appellant insists that the chattel mortgage was not legally foreclosed, because (1) the property was purchased by the defendant; (2) that the notice of the sale was insufficient in two or three particulars.   It has been recently settled by this court (*Casserly* v. *Witherbee,* 119 N. Y. 522) that the purchase by the mortgagee of the mortgaged property on the foreclosure of his chattel mortgage does not invalidate the foreclosure nor prevent him from acquiring a title freed from the mortgagor's right to redeem.   The referee finds that all of the partners of the firm had notice, and were present at the sale, and made no objection to it, or to the defendant becoming

the purchaser. All of the members of the firm were parties to the action brought to foreclose the mortgage given April 10, 1860, in which a defense was interposed by a judgment creditor of the firm, and a trial had, and the amount realized from the sale under the chattel mortgage was applied as a payment upon the amount due to Powers. From this judgment no appeal was taken. The members of the firm should be held to be estopped from raising any questions relating to the regularity, but not affecting the merits of the sale by their acquiescence in it when made, by raising no objection to the subsequent application of the moneys arising from it, and by their long delay, more than six years, before seeking to set it aside.

The complaint contains no allegation that the firm transferred any property to Powers on a usurious consideration, and there is no finding that any property was held or was transferred on such a consideration, nor was any request preferred that such a fact be found, and the question raised by the appellant's eighth point is not before the court.

Our attention is called to several rulings admitting and excluding evidence which are asserted to have been erroneous, but an examination of each of them has failed to disclose a material error.

The judgment should be affirmed, with costs.

All concur except Bradley and Haight, JJ., not sitting.

Judgment affirmed.