ANNA C. LEADBETTER *v.* N. H. LEADBETTER (Limited), W. E. HARDY, Appellant.

After default in the payment of a debt secured by a chattel mortgage, the mortgagor has no interest in the mortgaged property that can be sold on execution against him.

In an action brought to dissolve an insolvent corporation, a receiver was appointed. The corporation had executed a mortgage on certain of its personal property to secure its notes. The mortgage provided that if the mortgagor should suffer any judgment to be entered against it, the whole sum secured should become due, and the mortgagee have the right to take possession and sell the property on five days' notice, and out of the proceeds pay the debt, returning any balance to the mortgagor or assigns. Three days before the receiver was appointed, a creditor of the corporation recovered a judgment, issued execution, and levied upon the mortgaged property; at that time two of the notes secured by the mortgage were due and unpaid. In proceedings to determine the rights of the parties in and to the avails of the mortgaged property which had been sold under an order entered by consent in the action to dissolve the corporation, *held*, that at the time of the levy the mortgagor had no interest subject to a levy, and so, that the judgment creditor acquired no lien; that the five days' notice, provided for in the mortgage, was not necessary in order to perfect the default, but simply applied to the time and place of sale under the mortgage; that the mortgagee was first entitled to be paid the amount of the indebtedness secured, and the receiver was entitled to the balance.

(Argued December 15, 1890; decided January 13, 1891.)

APPEAL from order of General Term of the Supreme Court in the first judicial department, made June 6, 1890, which affirmed an order of Special Term confirming the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Z. S. Sampson* for W. E. Hardy, appellant.   If the mortgagee was not entitled to the possession of the property at the time the levy was made under the three executions, than the possessory rights to the property remained in the mortgagor, and constituted an interest in property subject to levy and sale under execution.   (*Hall* v. *Sampson*, 35 N. Y. 274.)   The mortgagor had an interest in the property, after default, that its creditors could obtain, and that the judgment creditors did obtain a lien upon.   (*Porter* v. *Parmley*, 52 N. Y. 185 ; Code Civ. Pro. § 1412; *Lambert* v. *Miller*, 19 N. J. 216.)   The mortgagor's debt was paid with the property of the mortgagor and no rights of third parties intervened.   (*West* v. *Cary*, 47 N. Y. 423.)   The point raised by the attorney for the general creditors at General Term, that the receiver is entitled equitably as well as legally to the balance of this fund for general creditors, upon the ground that there was no lien on the mortgaged property except the lien of the mortgage, is not well taken.   (*Van Hassell* v. *Borden*, 1 Hilt. 128 ; *Hull* v. *Carnley*, 11 N. Y. 501; 28 id. 585; *Bailey* v. *Benton*, 8 Wend. 339 ; 1 N. Y. 295 ; 3 Wend. 498, 500 ; *Charter* v. *Stevens*, 3 Den. 33 ; *Fairbanks* v. *Bloomfield*, 5 id. 434 ; *Hathaway* v. *Brayman*, 42 N. Y. 322 ; *Campbell* v. *Wheeler*, 69 Ia. 583 ; *Davenport* v. *McChesney*, 86 N. Y. 242 ; *Hinman* v. *Judson*, 13 Barb. 629 ; *Pettibone* v. *Drakeford*, 37 Hun, 628 ; 17 Wend. 653 ; *Bailey* v. *Green*, 8 id. 339 ; *Hunford* v. *Archer*, 4 Hill, 273.)

*Joseph S. Bosworth* for respondents.   The mortgage is the only lien on the fund in question in the hands of the receiver. (Jones on Chattel Mort. [2d ed.] 176 ; Smith on Chattel Mort. 62–78 ; *Noyes* v. *Wyckoff*, 114 N. Y. 204; *Halstead* v. *Swartz*, 46 How. Pr. 289 ; *Casserly* v. *Witherbee*, 23 N. E. Rep. 1000 ; *Porter* v. *Parmly*, 2 J. & S. 408 ; *Brogelman* v. *Dane*, 69 N. Y. 69 ; *Judson* v. *Easton*, 58 id. 664 ; *Matteson* v. *Bowers*, 1 id. 295 ; *Kleinberger* v. *Brown*, 8 N. Y. Supp. 866.)

O'BRIEN, J. The order from which this appeal is taken determined the right of two claimants to a certain fund which both claimed to be entitled to. The party who succeeded in the courts below is the receiver of the defendant, and the other claimant, who failed and brings this appeal, is a judgment creditor of the defendant.

The undisputed facts upon which the question arises are these: The defendant is a corporation organized under the limited liability act. In proceedings in this action to dissolve it, by reason of insolvency, the respondent, William G. Shailer, was appointed receiver on the 28th of October, 1889. Previous to this and on the 13th day of February, 1889, the defendant duly executed and delivered and procured to be filed in the proper office a chattel mortgage on the corporate property for $3,000, to secure the payment of its notes to that amount for money borrowed. The condition of the mortgage was that the defendant should pay the notes as they became due, and that in case of default in the payment of the notes, or any of them, when due, or in case the mortgagor, before the notes, or any of them, became due, should remove any of the goods or suffer any attachment or other process against property to be issued against it, or any judgment to be entered against it, then the said sum of $3,000 should become instantly due, and the mortgagee or his assigns should have the right to take possession of the goods and carry them away and sell the same for the best attainable price, on five days' notice to the mortgagor, and from the proceeds pay the amount unpaid on the notes, and render the sum remaining to the mortgagor or his assigns. Some of the notes, to secure which the mortgage was given, were paid. Before the receiver was appointed, two of the notes became due and remained unpaid, one on the 10th of August, 1889, and another on the 10th of October, 1889.

On the 25th of October, 1889, William E. Hardy, who brings this appeal, recovered a judgment against the defendant for $4,823.42, and on the same day procured execution to be issued thereon and a levy to be made on the property covered by the mortgage. This levy was made, as will be seen by the

dates, three days before the receiver was appointed. On his appointment, there were three parties claiming the property, namely, the holder of the chattel mortgage and the unpaid notes to secure the payment of which it was given, Hardy, the judgment creditor, and the receiver. In this condition of affairs an order was entered in the action to dissolve, upon the consent of the receiver, the mortgagee and the judgment creditor, the plaintiff's attorney in the suit not objecting; that the property be sold by the receiver, and that "the proceeds arising from such sale or sales be substituted for and take the place of the property sold, and be subject to the same liens as existed against the property, and the rights of all the parties remain in full force and effect as they were at the time of the sale." This order also, upon the same consents, appointed a referee "to hear and determine the rights, liens and priority of claims to said property or proceeds," the expenses of the sale to be paid first from such proceeds, and the balance to be paid over on the coming in and confirmation of the referee's report as therein provided. The referee found that the net proceeds of the sale, after paying expenses, was $4,107.83; that the amount due on the notes secured by the mortgage was $2,000, and interest thereon from February 7, 1889; that out of the net proceeds of sale there should be paid first to the holder of the notes and mortgage the amount so found due. That as there was default in the payment of the mortgage when the levy was made by the judgment creditor, both by reason of the non-payment of the notes and the entry of the judgment, the mortgagor had no legal interest in the property, and that the receiver was entitled to the balance remaining after payment of the mortgage. The report was confirmed by the court and the order entered thereon affirmed on appeal by the General Term.

We think that the appeal of the judgment creditor cannot be sustained. Though he made the levy three days before the receiver was appointed, yet he took nothing by it for the reason that the defendant in the execution had no interest upon which the lien of the execution could attach. The law

seems to be settled in this state that after default the mortgagor has no interest in the mortgaged property that can be sold on execution against him. (*Hull* v. *Carnley*, 11 N. Y. 502; *Hall* v. *Sampson*, 35 id. 274; *Galen* v. *Brown*, 22 id. 37; *Manchester* v. *Tibbetts*, 121 id. 223.) The event had happened that made the mortgage instantly due, and there was no right of possession in the mortgagor when the levy was made. The condition in the mortgage in regard to notice applies only to the time and place of the sale under the mortgage, and the notice was not necessary in order to perfect the default.

The order should be affirmed, with costs.

All concur.

Order affirmed.