FREDERIC G. MOORE, Respondent, *v*. PRENTISS TOOL AND SUPPLY COMPANY, Appellant.

*It seems* that while, technically, upon the execution of a chattel mortgage, a legal title is vested in the mortgagee, subject to be defeated by performance of the conditions of the mortgage, practically, the substantial title remains in the mortgagor; he may sell and convey a good title subject to the mortgage, and can mortgage it subject to the prior mortgage, and if the property is taken from his possession wrongfully, even by the mortgagee, during the time he is entitled to retain possession, he may maintain an action for conversion against the wrong-doer.

On September 21, 1889, the owner of certain chattels executed a mortgage thereon to J. to secure a debt due in twelve months from date. On

October twenty-eighth thereafter, said owner executed another mortgage on the same property to plaintiff to secure an indebtedness due thirty days from date. Both mortgages contained a provision that the mortgagee should remain in possession until default in payment. On November twelfth, the mortgagor executed a bill of sale of the property to defendant, and delivered possession to him. Plaintiff's mortgage not having been paid, he foreclosed the same by sale at public auction, and became the purchaser on December thirtieth. Defendant having refused to surrender, plaintiff brought this action for conversion; it appeared that the property was worth more than the sum secured by both mortgages; he recovered a judgment for the amount of his mortgage. *Held*, no error; that upon default in the payment of plaintiff's mortgage, he became vested with whatever title the mortgagor had, and had the right to sue for a conversion.

In February, 1890, defendant procured J. to assign his mortgage to R., and then agreed with him that said mortgage should be considered due, and that R. could foreclose the same; the latter thereupon advertised and sold the property at public auction to defendant. *Held*, that defendant could not set up the title so acquired as a defense; that the rights of the parties must be determined upon the facts existing at the commencement of the action; also that defendant's rights were fully protected by limiting the recovery to the amount of plaintiff's mortgage.

Defendant alleged in its answer and offered to prove that plaintiff's mortgage was given upon the parol understanding and condition that he would start the mortgagor in business. It appeared that the mortgagor had, at the time, gone entirely out of business, and had transferred all of its machinery and property to defendant. There was no offer to show that the mortgagor ever requested plaintiff to comply with the condition. *Held*, that the alleged agreement could not be treated as a condition, either precedent or subsequent, and as an agreement it was too indefinite to be carried out; also, that conceding it to be sufficiently definite, it could only be enforced by the mortgagor, and no rights under it were transferred, or were available to defendant; and so, that the evidence was properly excluded.

(Argued March 25, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 2, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action of conversion.

The facts, so far as material, are stated in the opinion.

*John M. Perry* for appellant. Plaintiff was not in a position to maintain conversion. (Thomas on Chat. Mort. § 176 ; *Ring* v. *Neale*, 114 Mass. 111 ; *Clapp* v. *Glidded*, 39 Me. 448 ; *O. Co.* v. *Price*, 87 N. Y. 547.) There was not sufficient evidence to render the defendant liable as for a conversion, and it was error to allow the question to go to the jury ; and not to set aside the verdict of the jury finding a conversion, as contrary to law. (*Andrew* v. *Shattuck*, 32 Barb. 396 ; *Richards* v. *P. A. Works*, 27 Hun, 1 ; *Towne* v. *Lewis*, 7 C. B. 611 ; *Canot* v. *Hughes*, 2 Bing. [N. C.] 448.) The demand of possession upon defendant's attorney was not sufficient, as there was no proof that the attorney had power to comply with it. ( *Welsh* v. *Cochran*, 63 N. Y. 181 ; *Goodwin* v. *Wertheimer*, 99 id. 149.) The trial court erred in not permitting defendant to introduce evidence in support of the defense that the mortgage under which the plaintiff claims was given to him by the Yonkers Brass Works. (*Rosenburg* v. *Block*, 102 N. Y. 255 ; *Kane* v. *Cortesy*, 100 id. 132 ; *Young* v. *Wilson*, 27 id. 351.) Defendant was in a position to contest the validity of plaintiff's mortgage. (*Purdy* v. *Coar*, 109 N. Y. 448 ; *Button* v. *Rathbone*, 126 id. 187 ; *Sullivan* v. *Mitchell*, 106 id. 655 ; *In re Collins*, 12 Blatch. 548.) By succeeding to the rights of Jewett, the first mortgagee, defendant held paramount to plaintiff's claim. (*Church* v. *Frost*, 3 T. & C. 320 ; *Willis* v. *Chipp*, 9 How. Pr. 568 ; *Cassidy* v. *Witherbee*, 119 N. Y. 522 ; *Nichols* v. *Mase*, 94 id. 160.)

*Edgar J. Phillips* for respondent. Plaintiff had title to the chattels in question. (*Campbell* v. *Birsch*, 60 N. Y. 214, 218 ; *Coe* v. *Cassidy*, 72 id. 133, 138 ; *Judson* v. *Easton*, 58 id. 664 ; *Bragelman* v. *Dane*, 69 id. 69, 74 ; *Leadbetter* v. *Leadbetter*, 125 id. 290, 294 ; *Davis* v. *Morill*, 16 Wkly. Dig. 530.) The most equitable rules were applied in defendant's favor in respect to the amount of his recovery. (*M. & T. Bank* v. *F. & M. N. Bank*, 60 N. Y. 40 ; *Manden* v. *Cornell*, 62 id. 215.) The foreclosure of the Jewett mortgage subsequent to the conversion by defendant could not affect plain-

tiff's rights. (*Livermore* v. *Northrup*, 44 N. Y. 112; *Wehle* v. *Butler*, 61 id. 245, 248, 249; *Tiffany* v. *Lord*, 65 id. 310, 313.) There was a conversion. (*Pease* v. *Smith*, 61 N. Y. 481; *M. Bank* v. *Fiske*, 71 id. 359; *Corsan* v. *Oliver*, 2 Abb. [N. C.] 352.) The value of the chattels converted was far in excess of both mortgages and interest. (*Wehle* v. *Butler*, 61 N. Y. 245; *Frankenstein* v. *Thomas*, 4 Daly, 256.) No error was committed in excluding testimony in support of the defense that the mortgage was given to plaintiff by the Yonkers Brass Works. (*In re Budlong*, 126 N. Y. 423; *Wilson* v. *Deen*, 74 id. 531; *People* v. *Bostwick*, 32 id. 448; *Selchow* v. *Stymus*, 26 Hun, 145; *Buckmaster* v. *C. I. Co.*, 5 Daly, 313, 316, 317; *Vandervoort* v. *Dewey*, 42 Hun, 68, 71; *Eaton* v. *Wilcox*, 42 id. 55, 56, 61.) To make an exception available it must appear that the precise question intended to be raised was brought to the attention of the court. (*Walsh* v. *W. Ins. Co.*, 32 N. Y. 427; *People* v. *Wilson*, 109 id. 345; *Tweed* v. *Davis*, 1 Hun, 252; *Daly* v. *Byrne*, 77 N. Y. 182.) The evidence of value was competent. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *Jones* v. *Morgan*, 90 id. 4, 10; *Hoffman* v. *Conner*, 76 id. 121, 124; *Slocovich* v. *O. M. Ins. Co.*, 108 N. Y. 56; *Starkey* v. *Kelly*, 50 id. 676; *Wehle* v. *Haviland*, 69 id. 448; *Doll* v. *Harlow*, 2 Hun, 659.)

EARL, Ch. J. On the 21st day of September, 1889, the Yonkers Brass Works, owning certain personal property, executed a chattel mortgage thereon to Leonidas C. Jewett, to secure the payment of the sum of $1,200, in twelve months from its date. On October twenty-eight thereafter, it executed another chattel mortgage on the same property to the plaintiff to secure the payment of $2,350, in thirty days from that date. Both mortgages contained a provision that the mortgagor should remain in possession of the chattels until default in payment. Both are conceded to be valid and to have been properly filed. On the 12th day of November, 1889, the mortgagor executed a bill of sale of the chattels mortgaged, transferring them to the defendant, and delivered

to it a key of the premises containing the chattels. The plaintiff's mortgage having become due, and the amount secured thereby not having been paid, early in December, 1889, he foreclosed his mortgage by a public sale of the property and there became the purchaser thereof, and then demanded possession of the property of the defendant; and such demand being refused, on the thirtieth day of December, he commenced this action for the conversion of the property. Upon the trial it having been proved that the property was of greater value than the sum secured by both mortgages, the plaintiff recovered a verdict for the amount secured by his mortgage. From the judgment entered upon that verdict the defendant has appealed, and it assails the same upon several grounds which we will consider.

(1) The learned counsel for the defendant contends that the plaintiff, being a second mortgagee, did not have such title as enabled him to recover for a conversion of the property, and to sustain his contention he cites the case of *Ring* v. *Neale* (114 Mass. 111). But in that case the first mortgage was probably past due when the second was given, and it was certainly past due when the action of trover was commenced by the second mortgagee. As the title of the first mortgagee had become absolute at law, it was very properly held that the second mortgagee could not maintain his action. Here at the time of the alleged conversion by the defendant, and of the commencement of the action, the first mortgage had not become due, and thus this case is distinguishable from the one cited. A more precise authority is that of *Treat* v. *Gilmore* (49 Me. 34).

Strictly speaking, upon the execution of a chattel mortgage, a conditional legal title to the property is vested in the mortgagee, which title is subject to defeasance by the performance of the conditions contained in the mortgage; and that title becomes absolute at law in the mortgagee upon default in the payment of the mortgage, and there is left in the mortgagor only an equity of redemption. While this is so technically and theoretically, yet practically, the substantial title remains

in the mortgagor with all the incidents of a legal title, and he retains the use, control and benefit of the property, subject to the mortgage.   If the property is taken from his possession wrongfully during the time when, by the terms of the mortgage, he is entitled to retain possession thereof, he may maintain an action for conversion against any wrong-doer — even against the mortgagee.   He can sell it and convey a good title, subject to the mortgage, to any purchaser, and it can be seized and sold by virtue of an execution against him.   (*Leadbetter* v. *Leadbetter*, 125 N. Y. 290 ; *Casserly* v. *Witherbee*, 119 id. 522.) As the mortgagor can sell the property so he can mortgage it ; and a subsequent mortgage of personal property is not an uncommon form of security in this state.   After default in the payment of the plaintiff's mortgage, whatever title the mortgagor had was vested absolutely, subject to the right of redemption in equity, in the plaintiff, and thereafter the plaintiff had the same right to sue for a conversion of the property, or an injury to it, as the mortgagor would have possessed if there had been no default in the payment.   Looking at the substance rather than the form of the matter, we think that a second mortgagee thus situated can maintain an action for conversion.

(2) It is claimed that there was not sufficient evidence of any wrongful conversion of the property by the defendant.   Without going into the particulars of the evidence, we think it sufficiently appears that the property was in the control and possession of the defendant ; that it was sufficiently demanded by the plaintiff, and that there was sufficient evidence that it was wrongfully detained from him by the defendant.   It comes with ill grace from the defendant, after it has withheld the property from the plaintiff and contested his right to the same down to the present time, now to claim that it did not withhold it from him.   The technical defense that the plaintiff did not lay a sufficient foundation for his action by a previous demand should not now be allowed to prevail unless it rests upon a well-established basis.

(3) On the 21st day of February, 1890, nearly two months after this action was commenced, the defendant procured

Jewett to sell and assign his mortgage to one Ray, and thereafter on the twenty-fourth day of February it agreed with Ray that the mortgage should then be considered due, and that he might then take all the steps requisite for the foreclosure thereof as if the same had then run regularly to maturity ; and thereafter on the 25th day of February, 1890, the mortgaged property was advertised for sale, and on the twenty-eighth day of February was sold at public auction to the defendant; and it now claims that the title it thus acquired gives to it a complete defense to this action. It is a sufficient answer to this contention that the rights of these parties must be determined upon the facts as they existed at the time of the commencement of the action. If the defendant had then wrongfully converted the property, and in consequence thereof the plaintiff then had a cause of action against it for a conversion thereof, it could not defeat that cause of action by fortifying its title in the manner attempted.

It procured the assignment of the Jewett mortgage and practically made an agreement with itself that it should be considered due, and proceeded to foreclose the same and thus to obtain title to the property under that foreclosure. The rights of the defendant were fully protected, when it was shown that the property was more than sufficient to satisfy both mortgages, by limiting the recovery of the plaintiff to the amount of his mortgage. By foreclosing the Jewett mortgage before, as to the plaintiff, it was really due, the defendant did not succeed in fortifying its title against the plaintiff.

(4) The defendant alleged in its answer as a defense, that the mortgage to the plaintiff was given "upon the express understanding and condition that the plaintiff should, within the time mentioned in said instrument, to wit, thirty days from its date, start and establish the persons composing the said Yonkers Brass Works, or furnish the means for said persons to start and establish the business formerly carried on by them at the said city of Yonkers." And upon the trial it attempted to give some evidence to sustain this defense which was excluded by the court, after the attorney for the defendant had

stated to the court that he relied upon " the bald statement that he, plaintiff, was to start this Yonkers Brass Works up in business again if they gave him a chattel mortgage." The Yonkers Brass Works, the mortgagor, had apparently gone utterly out of business and had transferred all its machinery and property to the defendant. There was no offer to show that it ever requested the plaintiff to comply with the terms and conditions of the agreement alleged in the answer, and it was altogether too indefinite to be carried out. Whatever it was it was not a condition precedent, and it cannot be treated as a condition subsequent. Conditions subsequent are not favored, and the arrangement, whatever it was, should be treated as an agreement. (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 142; *Post* v. *Weil*, 115 id. 361.) If the agreement was sufficiently definite to be enforced it could only be enforced by the Yonkers Brass Works, and no rights under that agreement, and no damages for a breach thereof were transferred to this defendant, or are in any way available to it. Therefore, even if the parol arrangement alleged could have been proved, it would be wholly immaterial.

We have reached the conclusion that the defendant has been unable to point out any error affecting this judgment, and it should be affirmed, with costs.

All concur.

Judgment affirmed.