(9 App. Div. 391.)

### BIGELOW et al. v. GOBLE et al.

(Supreme Court, Appellate Division, Fourth Department. October 16, 1896.)

1. CHATTEL MORTGAGES—RIGHT OF MORTGAGEE TO POSSESSION.
   A mortgagee may recover the value of the mortgaged chattels from a purchaser thereof at a sale under execution against the husband of the mortgagor, without her consent, where the mortgage authorized the mortgagee to take possession if he should at any time deem himself unsafe.

2. SAME—AMOUNT OF RECOVERY.
   The mortgagee in such case may recover the full value of the chattels, though it exceeds the amount due on the mortgage.

3. PLEADING—AMENDMENT.
   In an action by a mortgagee to recover possession of the mortgaged chattels, the answer cannot be amended, at the close of the evidence, so as to allege that the mortgage was fraudulent in its inception, where there was no evidence that the mortgagor owed any money when she executed the mortgage which was given to secure a debt owing by her husband.

Appeal from circuit court, Yates county.

Action by James V. Bigelow and another against Harry A. Goble and others to recover the value of certain chattels which defendants

purchased at a sale under an execution against George W. Teeter, and to the possession of which plaintiffs claimed to have been entitled under a chattel mortgage executed by said George W. Teeter and Delphine Teeter, his wife. From an order denying a motion for a new trial, made on the minutes after a verdict had been rendered in favor of defendants for $24, plaintiffs appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

M. A. Leary, for appellants.
D. A. Marsh, for respondents.

GREEN, J. This action was brought to recover of the defendants the value of a pair of horses, a lumber wagon, and a double harness, alleged to have been wrongfully withheld by the defendants from the plaintiffs. On the 8th day of December, 1894, George W. Teeter and Delphine Teeter, his wife, for the purpose of securing an indebtedness of $235, owing by George W. Teeter to Lorenzo Bartholomew, duly executed and delivered to him a chattel mortgage upon certain property, including the property for the value of which this action is brought, payable, with interest, one year from its date. The mortgage was duly filed in the proper office December 12, 1894. January 3, 1895, the mortgagee assigned the mortgage to the plaintiffs for the consideration of $225, which was duly paid. The consideration expressed in the mortgage was $350, which was over $100 more than was owing by George W. Teeter to Bartholomew. Bartholomew claims that the extra amount was inserted at the request of Mrs. Teeter, and for that reason there was included in the mortgage property belonging to her, which is the property in suit. Bartholomew claims that it was agreed, if Mrs. Teeter should purchase some real property which she had in view, he would loan her $100, and exchange the chattel mortgage for a real-estate mortgage on the place to be purchased. This was never done. It is claimed on behalf of defendants and by the Teeters, who testified in the action, that the extra $100 was added to the consideration of the mortgage, and the property belonging to Mrs. Teeter was included in the mortgaged property, for the purpose of protecting the same for Mrs. Teeter against her creditors. After the assignment of the mortgage by Bartholomew to plaintiffs, one Ira Raplee recovered a judgment against George W. Teeter. Upon that judgment an execution was issued to the sheriff, and by virtue thereof he levied upon the property mentioned in the complaint, and the defendants became the purchasers at that sale. Before this action was commenced, a demand of this property was duly made upon the defendants, which was refused, and this action was brought.

The defendants, in their answer, allege as a defense and justification that the amount secured by the mortgage has been fully paid; that they are the owners of this property by virtue of the purchase thereof at the sheriff's sale of the same; and, further, that the mortgage was given for more than the amount George W. Teeter owed Bartholomew. They further allege in their answer that before the

commencement of this action "the said Delphine Teeter, mentioned in said complaint as one of the mortgagors, who, it is alleged in said complaint, with said George Teeter, mortgaged said team and said harness to one I. S. Bartholomew, said plaintiffs' assignor, had brought an action in the supreme court against Washington D. Hayes (who was the deputy sheriff who levied upon said property by virtue of the execution on the judgment obtained by Raplee against George W. Teeter) for the recovery of the value of said team and harness and other chattels, and that at the time of the beginning of this action the same was pending undetermined." It appears from the evidence, and is undisputed, that Delphine Teeter, at the time of executing the mortgage with her husband to Bartholomew, was the owner of the property for the value of which this action is brought. It is undisputed, too, that at the time of the sale of this property by the sheriff upon execution issued upon the judgment against George W. Teeter the chattel mortgage was on file in the proper office, as provided by statute, and there was nothing upon the files of said office to show that the same had been paid, and nothing to show but that the same was a valid and existing lien at that time upon the property described therein. It appears also from the answer of these defendants that Delphine Teeter claimed to be the owner of that property at the time of its sale by the sheriff, as she instituted an action in the supreme court against the officer making the sale, and claimed therein that she was the owner of the property, and had been unlawfully deprived of the same. The defendants claimed to be the owners of, and entitled to the possession of, this property, by virtue of the purchase made at the sale thereof by the sheriff under the execution issued upon the judgment against George W. Teeter. They were not, and did not pretend to be, creditors of Delphine Teeter. In fact, there is no evidence in the record which shows that Delphine Teeter had any creditors. Upon the trial, the judgment roll in that action, the execution issued thereon, and evidence of the levy and sale, were admitted by the learned trial justice, under the objection and exception of plaintiffs. The plaintiffs insisted that the judgment of Raplee against Teeter, the issuing of the execution, the levying upon Mrs. Teeter's property by virtue thereof, and the purchase at the sale of such property by these defendants, was no defense to this action. That question was fairly raised upon the trial, and the learned trial justice decided adversely to the contention of the plaintiffs. We think this was error on the part of the learned trial justice. He charged the jury to the effect that, so far as the creditors of the husband were concerned, they would have a right to take possession of this property; "and it seems that a levy was made upon the property to satisfy his debt; and, if Mrs. Teeter saw fit to allow that property to be taken and sold to satisfy his debt, I charge you, as matter of law, that these plaintiffs cannot question that transaction." Again, upon this same question, he uses this language: "I charge you, as matter of law, if he made the levy upon this team in question, which was in possession of Mr. Teeter and his wife, and she saw fit to let that team be sold to satisfy his debt, no person can question it except herself. These plaintiffs are not in a position to

question it." A careful examination of the evidence and of this record fails to disclose anything tending to show that Mrs. Teeter consented to this levy upon the property, or that she turned the same out in satisfaction of the judgment, or that she in any way acquiesced in any of the acts of the sheriff concerning that property. On the other hand, it appears from the answer of these defendants that she objected to the same, and promptly brought a suit against the officer who made the sale for the recovery of the value of the property, and that action was pending undetermined at the time of the commencement of this action. This appeared at the very threshold of this action, and no evidence was given upon the trial changing such situation or attitude of the parties interested in this property. The plaintiffs, after such sale, commenced this action, claiming to be the owners of the property by virtue of a chattel mortgage held by them upon the same, and entitled to the possession thereof by virtue of the clause therein which provides that, if they shall at any time deem themselves unsafe, it would be lawful for them to take possession of the property, and to sell the same at public or private sale, previous to the time therein mentioned for the payment of the debt. In their complaint they allege that they did deem themselves unsafe, and elected to take advantage of such clause, and to enforce the payment of the amount secured by said mortgage. The property in question had been transferred into the possession of these defendants, and they claimed to be the owners thereof, and entitled to the possession of the same. The plaintiffs were unable to obtain the possession of the property upon demand of these defendants. It had passed from the possession of their mortgagor. The defendants had no claim against Delphine Teeter, and no process was in the hands of the sheriff, authorizing him to levy upon her property, or to pass the legal title thereof to any person who should purchase from him. These plaintiffs were the owners of this mortgage. The property of Mrs. Teeter, which had been transferred into the possession of these defendants, was covered by that mortgage. The plaintiffs saw the property passing from the possession of their mortgagor, and, under the circumstances, they clearly had a right to question that transfer; but, as we have seen, the acts of the sheriff were not acquiesced in by Mrs. Teeter, and therefore there was no basis for the submission of that question to the jury.

It is claimed by these defendants also, that the mortgage was fraudulent in its inception, and evidence was given which they claim tends to substantiate that position. That the mortgage was fraudulent at its inception was not alleged in the answer. At the close of the evidence, however, the court, under objection by plaintiffs' counsel, allowed the defendants to amend their answer to conform with evidence in the case upon the question of fraud. The plaintiffs excepted to the allowance of the amendment. We are of the opinion that this ruling was error. It was claimed by the defendants that the evidence of plaintiffs disclosed that at the time of the inception of the mortgage the consideration of the mortgage was expressed as the sum of $350, and that this was $100 more than the debt of George W. Teeter, which it was the original intention of the parties to secure

by this chattel mortgage; and that it appears from the testimony of defendants' witnesses that the mortgagee and Delphine Teeter agreed that her property should be included in the mortgage, and the $100 added to the consideration thereof, for the purpose of covering the property of Mrs. Teeter, so that the same could not be reached by her creditors. It is claimed, therefore, that this mortgage was fraudulent, so far as the property of Delphine Teeter is concerned, because it was given and taken with the intent to defeat, defraud, and delay the creditors of Mrs. Teeter in the collection of their debts. The difficulty with this position is that nowhere in the evidence is it disclosed that Delphine Teeter owed a dollar or had any creditors at the time of the execution of this mortgage, and therefore the claim that this mortgage was fraudulent utterly fails.

The defendants were undoubtedly entitled to show in the trial of the action that the amount secured by this mortgage had been fully paid. In that event these plaintiffs would have had no title to this property, and would not have been entitled to the possession thereof; but, further than this, the only question to be considered between these parties was the value of the property converted. This is an action at law, and the defendants, who were strangers to the mortgage under which plaintiffs claimed, had no right to an accounting from these plaintiffs as to the amount still remaining unpaid upon this mortgage. It is true that, had this action been against Delphine Teeter, the mortgagor, or against those "standing in her shoes," the recovery would have been limited to the amount due on the mortgage. Parish v. Wheeler, 22 N. Y. 494, 511, 515; Hinman v. Judson, 13 Barb. 629; Haskins v. Kelly, 1 Rob. (N. Y.) 171; Livor v. Orser, 5 Duer, 501, 506; King v. Van Vleck, 40 Hun, 71. But these defendants did not stand in such position. They are neither general creditors nor judgment creditors of Delphine Teeter, and, not having any right to redeem, are not in a position to mitigate the damages to the amount unpaid on the mortgage. We are of the opinion, therefore, that the charge of the learned trial justice that the plaintiffs would be entitled to recover only the amount shown to be unpaid upon their mortgage was error, calling for a reversal of the order. In an action against a stranger, who shows no right or title to the property, the mortgagor may recover the full value, though it exceeds the amount of the mortgage debt. Parish v. Wheeler, supra; Adamson v. Petersen, 35 Minn. 529, 29 N. W. 321; Jones, Chat. Mortg. § 448. But the sum recovered must be held by him upon a trust corresponding with the interests of the mortgagor in the property. Id. The jury in this action rendered a verdict representing, as it appears, only the balance unpaid upon the mortgage. It appears from this verdict, therefore, that the jury must have found that some portion of the mortgage still remained unpaid. The plaintiffs then were entitled to the possession of the property at the time of the demand made therefor upon the defendants. The defendants refused to deliver the same, and thereupon they became liable to these plaintiffs for damages to the extent of the value of the property converted by them. But, under the ruling of the learned trial justice, the jury have ignored the rule of damages which should have governed them in rendering

their verdict, and they found as damages only the balance unpaid upon the mortgage, instead of the value of the property converted. The record contains no certificate that the case contains all of the evidence. It, however, clearly appears that the question of damages was submitted to the jury upon an erroneous theory of the law governing that question, and that plaintiffs were prejudiced thereby. A new trial should be ordered.

Order reversed, and new trial ordered, with costs to abide the event. All concur.