DELMER D. MARTIN, as Trustee, etc., Respondent, v. PHILIP LEWIN-
SKI, Appellant.

*Liability of one who purchases and sells mortgaged chattels while the condition of
the mortgage is unbroken.*

A person who purchases mortgaged chattels from a mortgagor entitled until
default to their possession, and who sells the chattels to a stranger, while the
condition of the mortgage is unbroken, is not liable to the mortgagee as for a
conversion thereof.

APPEAL by the defendant, Philip Lewinski, from a judgment of
the Municipal Court of the city of New York, borough of Brook-
lyn, first district, in favor of the plaintiff, rendered on the 12th day
of June, 1900.

*Alfred J. Gilchrist*, for the appellant.

*Martin Flannigan*, for the respondent.

WILLARD BARTLETT, J.:

This is an action to recover $300 damages for the conversion of a
lathe and certain appliances connected therewith. The answer con-
tained a general denial and the plea of former adjudication in favor
of the defendant. The latter plea appears to have been abandoned
on the trial.

The plaintiff sued as the assignee of the Brooklyn Hardware and
Sporting Goods Company. It appeared that this concern sold the
lathe and appliances in question to one William Holliday and took
in payment therefor the purchaser's note, dated April 15, 1899, for
$404.50, payable on demand after date. To secure the payment of
this note Holliday executed a chattel mortgage upon the lathe and
appliances, which was duly filed in the office of the register of Kings
county on May 18, 1899.

Holliday subsequently sold the lathe to the defendant Lewinski
in October, 1899, and before any demand was made upon him in
behalf of the plaintiff he sold the instrument in turn to a stranger,
whose identity is not disclosed by the testimony. It does not appear
that up to the time of this sale by the defendant any demand had

SECOND DEPARTMENT, NOVEMBER TERM, 1900.          [Vol. 54.

been made upon Holliday for the payment of the note secured by the chattel mortgage.

Under these circumstances, there having been no default in the payment of the note and no demand of possession in behalf of the mortgagee before the sale and delivery of the property to a third person by the defendant, the mortgagee was not in a position to recover damages for conversion against the defendant. (*Hathaway* v. *Brayman*, 42 N. Y. 322.) The case cited holds that where a chattel mortgage contemplates that the mortgagor is to continue in possession until default in payment, the mortgagee cannot recover in an action for an alleged conversion against a purchaser from the mortgagor in possession, before such default, and that the remedy of the mortgagee in such case is to follow the property into the hands of the purchaser and require its delivery to him or the payment of his mortgage debt.

The rights of the parties under such circumstances are thus stated by the Commission of Appeals in *Hamill* v. *Gillespie* (48 N. Y. 556): "While the property remained in the possession of the mortgagor and the condition of the mortgage unbroken, he had an interest subject to his control and disposition. He could sell and deliver such title as remained to him. The purchaser would take it in case of a sale subject to the lien of the mortgage, whether its existence was ascertained by the purchaser or not, or whether the mortgagor mentioned or omitted to mention it."

These considerations preclude a recovery by the plaintiff as for a conversion of the property in controversy upon the proof contained in this record. The judgment must, therefore, be reversed.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.