BIEHLER v. IRWIN.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CONVERSION—MORTGAGED CHATTELS.
    One who sells mortgaged chattels on execution against the mortgagor after he is in default, so that the mortgagee's right of possession is complete, is liable to the mortgagee for conversion.

2. SAME—MEASURE OF DAMAGES.
    The measure of damages for conversion by a third person of mortgaged chattels after the mortgagee's right of possession is complete is the value of the chattels, the difference between it and the mortgage debt being the subject of accounting between the parties to the mortgage.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward R. Biehler against John W. Irwin. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Louis H. Reynolds, for appellant.

Louis S. Posner, for respondent.

BISCHOFF, J.   While it was indicated that the mortgagor's time to make payments upon the chattel mortgage had been extended, the defendant did not suggest that the extension endured to the time of the levy, and from the plaintiff's evidence in rebuttal it appeared that the mortgagor was at that time in default.   The plaintiff's right of possession was therefore complete at the date of the alleged wrongful taking by the defendant, and the authorities relied upon in support of this appeal have no application.   After default the mortgagor had no interest in the chattels which could be sold on execution against him (Leadbetter v. Leadbetter, 125 N. Y. 290, 26 N. E. 265, 21 Am. St. Rep. 738), and the conversion was certainly established.   In view of the defendant's failure to produce the inventory of the property sold, the plaintiff's evidence of value, taken with proof of the defendant's admission that the goods covered by the mortgage were sold, suffices to support the finding of the amount of damages, and it would seem from the record that the plaintiff's witnesses on the issue of the identity of the goods were the more credible.   The measure of damage was the value of the property irrespective of the mortgage debt, the difference being the subject of an accounting between the parties to the mortgage.   Bigelow v. Goble, 9 App. Div. 391, 397, 41 N. Y. Supp. 299.

Judgment affirmed, with costs.   All concur.