THOMAS N. MADILL, Respondent, *v.* CHARLES McDONALD, Appellant.

Third Department, May 7, 1919.

Conversion — disposal of property subject to chattel mortgage — burden of proof.

Where plaintiff sold a mare taking back a chattel mortgage for the purchase price, payments upon which became due upon certain dates, and the mortgagor traded the mare with the defendant, telling him that she was free from chattel mortgage, and the defendant thereafter sold the mare,

the said sale must have been as late as the first payment upon the chattel mortgage in order to hold the defendant liable for conversion.

Plaintiff having alleged a conversion by the defendant, the burden was upon him to establish such allegation and not upon the defendant to disprove it.

APPEAL by the defendant, Charles McDonald, from a judgment of the County Court of St. Lawrence county, entered in the office of the clerk of said county on the 12th day of July, 1917, affirming a judgment of a Justice's Court, and also from the order of the County Court pursuant to which the judgment was entered.

*Ceylon G. Chaney*, for the appellant.

*George H. Bowers*, for the respondent.

LYON, J.:

The vital question upon this appeal is whether the defendant disposed of the mare before the first payment became due upon the chattel mortgage.

On November 28, 1913, the plaintiff sold the mare to one Bert Smith, taking back a chattel mortgage for the full amount of the purchase price, the payments upon which became due March 1, June 1 and September 1, 1914. The mortgage was at once filed in the town of Oswegatchie where the mortgagor resided. The mortgagor went to live with his brother at West Potsdam about December first of that year. While there he traded the mare with the defendant for a horse and fifteen dollars, telling the defendant that the mare was free from chattel mortgage. The defendant soon after traded the mare off, but the date thereof does not appear. Smith's brother testifies that the mare was sold the latter part of 1913 and that he saw the defendant driving her about two weeks afterwards in Wheeling. He again testifies that he last saw the mare towards spring; McDonald was driving her but he cannot tell when it was. McDonald says he kept the mare about four or five weeks. This makes it quite plain that the defendant sold her in January or February. It is necessary that it was as late as March first in order that the defendant may be held liable for the conversion of the mare. (*Hathaway* v. *Brayman*, 42 N. Y. 322; *Hamill*

v. *Gillespie*, 48 id. 556; *Martin* v. *Lewinski*, 54 App. Div. 573.) The respondent's attorney recognizes this fact as he states in his brief: " When the case practically hung on the question of whether the trade of McDonald was before or after March 1st, is not the fact that he did not attempt to give the month, of great significance? If he could truthfully have sworn that it was earlier than March 1st, would he not have done so? "

Such argument fails to· recognize that the plaintiff having alleged a conversion by the defendant, the burden was upon the plaintiff to establish such allegation and not upon the defendant to disprove it.

The judgments of the County Court and of the Justice's Court must be reversed.

All concurred.

Judgments of the County Court and Justice's Court reversed, with costs in the County Court and in this court.