## In re PACKARD PRESS, Inc.

(Circuit Court of Appeals, Second Circuit. January 5, 1925.)

No. 16.

1. **Courts** ⊜⟩365—Law of state as interpreted by state court binding on federal bankruptcy court as to relative rights of mortgagor, mortgagee, and receiver in bankruptcy.

The state law, as interpreted by highest state court, governs federal court of bankruptcy in determination of relative rights of mortgagor, mortgagor's receiver in bankruptcy, and mortgagee who foreclosed chattel mortgage before filing of bankruptcy petition.

2. **Chattel mortgages** ⊜⟩150(1) — Object of New York mortgage statute is to make recording equivalent as near as may be to physical possession.

The object of New York chattel mortgage statute is to make recording of mortgage equivalent as near as may be to physical possession by mortgagee.

3. **Chattel mortgages** ⊜⟩1—"Chattel mortgage" is present transfer of defeasible title, leaving salable interest in mortgagor, which is subject to levy before default.

Under New York law, "chattel mortgage" is present transfer of title to property mortgaged, defeasible by payment of debt secured, which leaves in mortgagor an interest treated

as property, which he may sell or transfer, subject to mortgage, or which may be levied on before default.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

4. Chattel mortgages ⬤162—On mortgagor's default in payment, mortgagee's defeasible title immediately becomes absolute by operation of law.

Under New York law, on chattel mortgagor's default in payment, mortgagee's defeasible title immediately becomes absolute by operation of law.

5. Chattel mortgages ⬤293—Mortgagor after default has equity of redemption which may be cut off by sale fairly made.

Under New York law, chattel mortgagor, after default in payment, has still a right or equity of redemption, which may be cut off by sale fairly made, whether public or private, or whether mortgagee be purchaser.

6. Bankruptcy ⬤143(5)—Receiver in bankruptcy proceedings of chattel mortgagor after mortgagee's sale held to acquire no interest in mortgaged chattel.

Under New York law, where chattel mortgagee, after default of mortgagor at sale fairly made, became purchaser for price less than amount due on mortgage, held receiver for mortgagor appointed later on same day in bankruptcy proceedings acquired no interest, though actual possession had not been taken by mortgagee purchaser.

7. Bankruptcy ⬤151—Trustee in bankruptcy has all rights and powers of judgment creditor.

Under Bankruptcy Act, § 47 (Comp. St. § 9631), trustee in bankruptcy succeeds, not only to rights of mortgagor, but has all rights and powers of judgment creditor.

8. Bankruptcy ⬤478 — Chattel mortgagee, claiming property of bankrupt, held not entitled to recover cost on petition to revise and appeal from orders directing sale of such property.

In bankruptcy proceeding, where chattel mortgagee of property of bankrupt prosecuted petitions to revise and appeals from two orders directing that property be sold and proceeds held subject to final determination, and as to one of such orders prevailed, and as to the other was unsuccessful, held no costs would be awarded.

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Packard Press, Incorporated. On petition of Conner, Fendler & Co. to revise and appeal from an order that certain property be sold and the proceeds held subject to final determination of the bankruptcy court. Order reversed.

This matter arises upon a record, a portion of which was considered in our opinion herein filed November 2, 1924. 3 F.(2d) 232.

We there treated of one chattel mortgage. We have now to consider another chattel mortgage, executed and delivered at another time, and affecting entirely different chattels.

The form of the mortgage now before us is the same as that considered in our previous opinion; i. e., the provisions of both are identical in respect of the effect of defaults in precipitating maturity, the right of either public or private sale in the mortgagee, the privilege on the part of the mortgagee to bid in at his own sale, and the waiver of equity of redemption by mortgagor.

This mortgage was properly filed and refiled, and on December 24, 1924, defaults in partial payments due by mortgagor had occurred, and on the morning of that day an auctioneer employed by mortgagee (petitioner here) entered the bankrupt's premises where the mortgaged chattels were situated and sold them to said mortgagee petitioner at a price not here attacked as fraudulent, but less than the amount due at the moment of sale upon said mortgage.

The mortgaged chattel was a printing press, and very heavy, and on the afternoon of the day of sale, and before any effort had been made by petitioner to remove said press, petition in bankruptcy was filed and a receiver appointed, who immediately peaceably obtained physical possession of the press.

The District Court, upon a showing of these facts, directed that the press be sold by the receiver, and the proceeds held "subject to the final determination of" the court. A sale was held, which has been treated as a sale free and clear of this mortgage. There is no defect asserted or suggested in respect of petitioner's mortgage. It is not denied that, if the lien of this mortgage was transferred to the fund produced by the receiver's sale, petitioner is entitled to the entire fund, which is less than the amount due him. But the petition to revise herein is pressed on theory that the order was without jurisdiction, in that, at the moment of bankruptcy petition filed, the press belonged absolutely to this petitioner mortgagee, and the court below had no more power to sell or otherwise dispose of it than it had to similarly deal with any other of the petitioner's property.

Meyer H. Lavenstein, of New York City, for petitioner.

Lewis H. Saper, of New York City, for estate in bankruptcy.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. [1] The question presented is one wholly of New York law. If we can discover the rules laid down by the highest court of the state we are bound to follow them.

[2] Mortgages of chattels were not unknown to the common law, and the general theory that such mortgage was a conveyance with a defeasance may be found stated in Pyeatt v. Powell, 51 F. 551, 2 C. C. A. 367; Langdon v. Buell, 9 Wend. (N. Y.) 80; Ackley v. Finch, 7 Cow. (N. Y.) 290. Speaking generally, it may be said that the object of most statutes providing for chattel mortgages, and certainly the object of the New York statute, is to make the recording of the mortgage equivalent as near as may be to that physical possession by the mortgagee which the common law always assumed. Kimball v. F. & M. Bank, 138 N. Y. 500, 504, 34 N. E. 337, 20 L. R. A. 497.

[3] Consequently in New York "a chattel mortgage is a present transfer of the title to the property mortgaged by it, defeasible by the payment of the sum it is given to secure." Barrett, etc., Co. v. Van Ronk, 212 N. Y. 90, 94, 105 N. E. 811. This defeasible title in the mortgagee leaves an interest in the mortgagor, which has been treated by the courts of the state like other property. Thus, before any default on the mortgagor's part, he may sell or transfer the mortgaged chattel subject to the mortgage. Norton v. Shields, 174 App. Div. 369, 161 N. Y. S. 880, citing cases. Nor need the buyer know anything of the mortgage further than that theoretical knowledge produced by the record, for the buyer from the mortgagor before default gets whatever the mortgagor has. Hammill v. Gillespie, 48 N. Y. 556.

Before default also the mortgagor's interest is subject to levy and execution on the theory that the sheriff can seize and sell as well as the mortgagor could convey; i. e., subject to the mortgage. Galen v. Brown, 22 N. Y. 37; Leadbetter v. Leadbetter, 125 N. Y. 290, 26 N. E. 265, 21 Am. St. Rep. 738.

[4] But if the mortgagor defaults—i. e., fails to pay the sum secured by the mortgage or any part thereof when such part becomes due—the mortgagee's defeasible title immediately becomes absolute by operation of law. Bragelman v. Daue, 69 N. Y. 69. Therefore, after such default and after such creation of absolute title in mortgagee, the mortgagor has no interest left that is subject to execution. Leadbetter v. Leadbetter, supra. Consequently, if the sheriff makes a levy, he may be sued therefor. Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56. And so may the plaintiff in the execution, who put the sheriff in motion. Manchester v. Tibbetts, 121 N. Y. 219, 24 N. E. 304, 18 Am. St. Rep. 816. See an emphatic summary of the foregoing in Porter v. Parmley, 52 N. Y. 185, at page 188.

[5] Similarly the mortgagor himself can transfer no title after default, because he has nothing to transfer (Madill v. Donald, 187 App. Div. 761, 175 N. Y. S. 792, citing cases); and one who assumes to deal with a mortgaged chattel after condition broken may lose the chattel in replevin or be sued for a conversion (Madill v. McDonald, supra; Hathaway v. Brayman, 42 N. Y. 322, 1 Am. Rep. 524). Yet, though after default the mortgagor has no leviable interest, and the defeasance which affected the original conveyance is wiped out, the mortgagor still has a right or equity of redemption. It has been held that such equity plus indefinite possession constituted a leviable interest in Mattison v. Baucus, 1 N. Y. 295—a case of doubtful authority in our opinion, unless it be restricted to a ruling upon the exact facts presented, which render quite doubtful the existence of any declared default.

But this right of redemption existing after default may be cut off by a sale fairly made, whether the same be public or private. Coe v. Cassidy, 72 N. Y. 133, at page 138. And at such fair sale the mortgagee may buy. French v. Powers, 120 N. Y. 128, at 133, 24 N. E. 296. And see the most extensive review of the cases up to date of decision in Moore v. Prentiss & Co., 133 N. Y. 144, 30 N. E. 736; and, as to the convenience of the sale for cutting off the equity of redemption, see Briggs v. Oliver, 68 N. Y. 336.

[6] Applying the foregoing New York rules to the case at bar, we are of opinion that when, on the morning of December 24, 1923, the mortgagee by the auctioneer held a sale fairly conducted, such sale wiped out the last vestige of interest that the mortgagor had in the mortgaged chattel, and such chattel became the absolute property of the purchaser at the sale, to wit, the petitioner herein.

[7] The trustee in bankruptcy, as may be admitted, not only succeeded to the rights of the mortgagor, but had also, under section 47 (Comp. St. § 9631), the rights of a creditor with a judgment. But no aggregation of rights will avail unless there is something

for the right to operate on, and, under the decisions cited, there was nothing left either for the mortgagor to transfer or for his creditors to seize.

It follows that the order complained of was in respect of this mortgaged chattel ill advised. The receiver or trustee had a bare possession, but there was no title in the trustee, and none could ever exist in him in respect of this chattel. Therefore it was error to make the order, and, in respect of the Babcock Optimus Press covered by a mortgage filed with the register of New York county on April 23, 1922, said order is reversed.

[8] The petitioner having prevailed as to one mortgage, and been unsuccessful as to another on the same record, our direction as to costs of November 3, 1924, is modified: There will be no costs of these appeals.